## HOOD v. STATE.
### No. 4626.

Court of Civil Appeals of Texas. Amarillo.
Jan. 13, 1936.

Rehearing Denied Feb. 17, 1936.

King Fike, of Dalhart, for appellant.

E. E. Coons, of Stratford, for appellee.

The state of Texas, acting through and by the county attorney of Sherman county, filed against appellant, Hood, its petition for injunction, alleging in part:

"That the defendant is now, and has been for some time prior to the presenting and filing of this petition, engaged in maintaining and operating a pool hall as defined in article 4668 of the Revised Civil Statutes of Texas, which said pool hall is located in a room and building on the east side of Main Street, between Virginia and Grand Avenues, in the City of Stratford in Sherman County, State of Texas; the same being a place, room, hall and building, or a part thereof, in which are exhibited for hire, revenue, fees and gain, pool and billiard tables and stands and structures on which may be played pool and billiards and other games similar to pool and billiards, which are played with balls and cues."

Its prayer was for a temporary injunction restraining appellant from maintaining and operating a pool hall as defined by the laws of Texas, and that a permanent injunction issue on final hearing. Upon presentation to it of said petition the trial court ordered a hearing in vacation and set same for October 14, 1935. At said hearing a temporary injunction was issued as prayed for, the judgment reciting "actual notice" of such hearing to appellant, though service of notice appears to have been made on another. Appellant did not appear, but appealed, and assigns here the following proposition as error:

"Where the law provides that no application for an injunction shall be granted unless the applicant therefor shall present his petition to the Judge verified by his affidavit, the granting of an injunction on an ex parte hearing, where the petition is not verified by the petitioner or by anyone authorized by or acting for him is error and is such error as may be raised for the first time on appeal."

We overrule this. Appellee's petition had annexed to it the following affidavit:

"Before me, the undersigned authority, on this day personally appeared Fred H. Ashley, who is well known to me and a credible person, and who, after being by me duly sworn, deposes and says that he has read the above and foregoing petition on behalf of the State of Texas against T.

A. Hood, and knows the contents thereof, and that the matters of fact therein stated are true.

"Further affiant saith not.

"Fred H. Ashley.

"Subscribed and sworn to before me this 7th day of October, A. D. 1935.

"C. F. Meinhardt, County Clerk,

"[Seal]     Sherman County, Texas."

The present proceeding is a special one, not covered by the various articles relating to procedure in civil cases for obtaining injunctions. It was passed to aid the enforcement of article 653, P. C., relating to the offense of operating pool halls. The procedure in this case was governed exclusively by the terms of article 4668, R. S.1925. Some of its sweeping and pointed provisions are:

"No person acting for himself or others shall maintain or operate a pool hall within this State. * * *

"The Attorney General of this State, or any district or county attorney, or any citizen of any county in which any pool hall is maintained, operated or contemplated may, either in term time or vacation, apply to the district judge of the district in which is located the place where such pool hall is maintained, operated or contemplated, or to any district judge in Travis County, for an injunction to prohibit the maintenance and operation of any such pool hall. Such judge upon the presentation of a petition for such injunction shall issue a temporary injunction or restraining order, and, if upon final hearing thereof the fact be shown that the defendant is guilty of keeping, maintaining, or operating a pool hall, or of contemplating such act, the court before which the case is tried shall grant a permanent injunction against such party as prayed for in the petition."

Article 4647 requires a petition for an injunction in a civil case in substance to be sworn to by the applicant therefor. This is further governed by article 24, authorizing oaths to be made in civil cases by the agent or attorney. The quoted portion of article 4668 pointedly provides that a temporary injunction "shall" be issued upon the presentation of a petition therefor, either in term time or vacation. No such plenary power is conferred in a civil case. A temporary restraining order is the limit of authority granted in civil cases, upon the mere presentation of a properly verified petition without a hearing.

The Attorney General may file such a proceeding in Travis county. Manifestly the state could not swear to such a petition. Could the Legislature have intended that the Attorney General should verify facts occurring in Sherman county, more than five hundred miles away? Who then could, if neither the party filing the suit or its attorney? We must give this statute a reasonable construction that will best effect its purpose, if possible, rather than one that would defeat it. 59 C.J. p. 963. The public is the real party plaintiff. Affiant, Ashley, was a member of such class. He knew the facts and swore to them. Is not it more reasonable to construe this statute as contemplating that such oath might be made by a member of the class, which is the real party at interest, rather than by the state, or by its attorney, who in most cases would know nothing personally of the facts? The latter construction tends to judicially nullify the statute. The appellant could have been prosecuted under article 653 of the Penal Code upon the affidavit of such an affiant. The present proceeding is but another method of enforcing article 653. This is not a civil proceeding. The general rule is that any person having personal knowledge of the facts may make the affidavit. 32 C.J. 336. The silence of article 4668 on this subject, its command that it "must" be issued upon "presentation of a petition," the general nature of statute and the remedy prescribed, lead us to the conclusion that the general rule mentioned above has application in the absence of some statute expressly requiring the character of verification, claimed by the appellant. The one strongly relied on is article 4647, R.S.1925, requiring in express terms that a petition for an injunction in a civil case be sworn to by the applicant therefor. To comply here with the literal language of this, would be to destroy article 4668, authorizing this proceeding. Moreover, the legislative purpose would, in large measure, be thwarted by requiring a verification by the plaintiff's agent or attorney. The Legislature did not mean to pass a vain and useless law, nor to require that which nullified its own act.

A petition, under this particular article, may in our opinion be verified by any person with knowledge of the facts, just as a

prosecution under article 653, P.C., may be begun by the affidavit of such person.

Finally, we call attention to a novel and incongruous situation here. Appellant has only been enjoined from violating the law, as will be seen from the recitations already quoted. If he is not violating the law, the injunction does not harm him. If he is, what right has he to take up the time of a court of equity to protect him in such violation. If A enjoins B from stealing his cattle, can B litigate his right to steal? True, appellant is entitled to his day in court, but the above statute gives that to him in express terms. The effect of what he seeks here is the right to run a pool hall until he has had his day in court. We are not entirely convinced that the particular wording of the court's judgment has left him with any appealable cause ôf action, but will not expressly so decide.

Judgment affirmed.