Graceil Proctor DOUGLAS, Appellant,

v.

Napoleon PROCTOR, Appellee.

No. 5816.

Court of Civil Appeals of Texas,
Waco.

Dec. 15, 1977.

Joe B. Phillips and Aloysius M. Wickliff,
Houston, for appellant.

Joe E. Griffith, Crockett, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by Graceil Proctor
Douglas from an order of the trial court
appointing Napoleon Proctor guardian of
the person and Estate of George Proctor,
NCM, and denying her application to be
appointed as such guardian. The order fur-
ther severed Graceil Proctor Douglas's peti-
tion for determination of heirship from the
instant proceeding.

In 1976 Reedus Proctor, Napoleon Proc-
tor, and Graceil Proctor Douglas all filed
applications in the County Court of Leon
County to be appointed guardian of the
person and Estate of George Proctor.
George Proctor was alleged to be 93 years
of age; to own 30 acres of land; to own 35
head of cattle; and to be of unsound mind.
The petitions alleged that Reedus was a
nephew; that Napoleon was a brother; and
that Graceil was a niece and "an adopted
daughter by estoppel".

Thereafter on motion of Graceil the pro-
ceedings were transferred to the 87th Dis-
trict Court of Leon County.

The District Court in June 1976 appointed
W. D. Black as temporary guardian of
George Proctor with instructions to sell his
cattle and pay his bills at a nursing home.

On May 20, 1977 the trial court heard the
opposing applications for appointment as
guardian of the person and Estate of

George Proctor; and by order entered July 15, 1977 found that George Proctor was a person of unsound mind; that Napoleon Proctor was his nearest of kin; and 1) appointed Napoleon guardian of his person and estate; 2) denied the application for appointment of Graceil as such guardian; and 3) severed the petition for determination of heirship by Graceil as an adopted daughter by estoppel.

Graceil Proctor Douglas appeals on 6 points contending:

1) The trial court erred in removing the temporary guardian and appointing a successor guardian. Also the trial court erred in allowing the Clerk to issue letters of temporary guardianship because the temporary guardian failed to qualify according to law.

2) The trial court erred in signing and approving a vague and defective order appointing a successor guardian.

3) The trial court erred in allowing the District Clerk to issue letters of guardianship to Napoleon Proctor as successor guardian because he failed to qualify as such according to law.

4) The trial court erred in granting motion for continuance to appellee and not allowing appellant to complete her case of adoption by estoppel.

5) The trial court erred in not recognizing and following the law of adoption by estoppel in Texas.

6) The trial court erred in refusing to make and file requested findings of fact and conclusions of law.

■ Section 131 of the Probate Code provides for the appointment of a temporary guardian for persons of unsound mind; and subdivision c provides that such temporary guardianship shall be continued in force for such period of time as the court shall deem in the interest of the estate or person involved. The trial court thus had authority to terminate the temporary guardianship and appoint a successor guardian when it deemed such in the interest of the estate and person involved. Any defect in the prior temporary guardianship is not before us in this appeal.

The order appealed from is not vague and defective.

■ This appeal is from the order appointing Napoleon Proctor guardian, and whether he properly qualified as such is not before this court.

■ The issues of whether the trial court erred in granting a motion for continuance in appellant's case for adoption by estoppel, and in not recognizing and following the Texas law of adoption by estoppel are not before this court because the trial court severed these matters from the appointment of a guardian in his judgment.

Findings of Fact and Conclusions of Law have been filed by the trial court.

All appellant's points are overruled.

AFFIRMED.