**CRYSTAL MEDIA, INC., Mary Furrh Gomez, and Rafael Gomez, Appellants,**

**v.**

**HCI ACQUISITION CORP., Hicks Communications Inc., KLAR Radio Inc., and R. Steven Hicks, Appellees.**

**No. 04–88–00656–CV.**

Court of Appeals of Texas, San Antonio.

June 21, 1989.

Yvonne Salinas Gonzalez, Zaffirini, Cuellar, Castillo, & Salinas, Laredo, for appellants.

Stephen Cormac Carlin, Johnson & Gibson, Dallas, for appellees.

Before BUTTS, CHAPA, and BIERY, JJ.

## OPINION

CHAPA, Justice.

Appellants, Mary Furrh Gomez and Rafael Gomez, filed their original petition against appellees HCI Acquisition Corp., Hicks Communications, Inc., KLAR Radio, Inc. and R. Steven Hicks (HICKS), seeking damages for fraud, which stemmed from the sale of real estate and other assets of a radio station. Appellants sought injunctive relief from a threatened foreclosure by appellees, claiming that the sale of the station was fraudulent.

On August 17, 1987, appellees were enjoined from foreclosing on the property. On four subsequent occasions the parties agreed to extend the temporary restraining order. On October 27, 1987, an agreed order to extend the temporary restraining order as a temporary injunction was granted. This order was signed on June 8, 1988.

At a hearing on *August 4, 1988*, the trial court denied appellees' motion because Hicks did not verify his answer in accordance with TEX.R.CIV.P. 690. However, the court specifically granted Hicks leave to amend its answer and agreed to hear the merits of the motion upon the filing of a verified motion. Hicks amended the motion and a hearing was set for August 23, 1988. At this hearing, Hicks offered the testimony of appellant Mary Gomez, who testified that she had no personal knowledge of the facts alleged in the Original Petition, and that she knew about the dispute from her husband, Rafael Gomez, who was not a party to the suit. At the close of his evidence, Hicks moved to strike the petition because it had not been properly verified in accordance with TEX.R.CIV.P. 682. The court took the matter under advisement and continued the hearing until *December 19, 1988*. On October 14, 1988, the court, in two letters, advised each party that appellants would be allowed to amend their petition so that it could be "verified by an affiant with personal knowledge of the statement of facts in the petition." Appellants complied with the court's instructions, by amending their petition to include Rafael Gomez as a party who verified the petition:

BEFORE ME, the undersigned Notary Public, on this day personally appeared RAFAEL GOMEZ who being by me duly sworn on his oath deposed and said that he is the Plaintiff in the above-entitled and numbered cause, that he has read the above and foregoing First Amended Original Petition; and that every statement contained therein is within his personal knowledge are true and correct [sic].

At the December 19 hearing, appellees moved to dissolve the injunction because the verification was defective. The trial court granted Wright's request, and refused to allow appellants to present their evidence.

Initially, appellants allege that the trial court erred in dissolving the injunction after only allowing appellees the opportunity to present their evidence. More specifically, they contend that the court ruled without permitting them to be heard.

Appellees contend that no hearing was necessary, because the trial court ruled, as a matter of law, that appellants did not verify the petition on behalf of Mary Gomez and Crystal Media, the parties in whose favor the trial court had issued the agreed temporary injunction.

■ The parties to a temporary injunction must be provided an opportunity to be heard. *City of Houston v. Houston Light & Power*, 530 S.W.2d 866, 869 (Tex.Civ. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). In a hearing to dissolve a temporary injunction, the moving party assumes the burden of negating facts supporting the issuance of the injunction. *Calvary Temple v. Taylor*, 288 S.W.2d 868 (Tex.Civ. App.—Galveston 1956, no writ).

TEX.R.CIV.P. 681 provides that a temporary injunction shall not issue without notice to the adverse party. It has been held that this implies that the adverse party has an adequate right to a hearing. *City of Austin v. Texas Public Employment Ass'n*, 528 S.W.2d 637 (Tex.Civ.App.—Austin 1975, no writ).

It is undisputed that the trial court here refused to allow appellants their right to be heard. Appellees' justification for upholding the court's action is that a hearing was unnecessary because of the insufficient verification. Appellants contend, however, that the lack of proper verification was waived because no objection was made by Hicks prior to the introduction of the evidence. Further, appellants contend the verification of Rafael Gomez was sufficient, and that because of either or both of these reasons, the court erred in denying appellants the right to present their evidence.

■ The verification of a petition or answer may be waived. *Hightower v. Price*, 244 S.W. 652 (Tex.Civ.App.—Fort Worth 1922, no writ). If the insufficiency of the verification is not objected to prior to the introduction of evidence the defect has been waived. *Id.* Here, appellees presented their evidence before objecting to the verification. Under the authority of *Hightower, supra,* appellees waived any complaint to the appellant's verification. We are unpersuaded by appellees' contention that the objection to the verification was made late because they became aware of the defect after questioning Mrs. Gomez. No diligence on the part of appellees is apparent in the record, since no effort was ever made to take Mr. Gomez' deposition during the entire year the case was pending prior to the hearing.

■ Further, the court allowed an amendment of the verification, which was accomplished by appellants. The result of the amendment, if proper, would be to cure any defect in the original verification. *Wortham Indep. School Dist. v. State ex rel. Fairfield*, 244 S.W.2d 838 (Tex.Civ. App.—Waco, 1951, writ ref'd n.r.e.); *Meyer v. Billings*, 481 S.W.2d 958, 959 (Tex.Civ. App.—Austin 1972, no writ). We note that here, the court had previously granted leave for appellees to amend their motion to dissolve when it had not been properly verified. It was therefore reasonable and justified that appellants should also be allowed to amend for the same reason. The issue is whether Rafael Gomez's verification was proper.

■ In *Collin County School Trustees v. Stiff,* 190 S.W. 216 (Tex.Civ.App.—Dallas 1916, writ ref'd), the court stated:

By the current opinion it is said of verifications in injunction proceedings that they should be so definite and positive as to support an indictment for perjury if untrue. The purpose of the affidavit is revealed by the rule stated, which is, that under the penalties of such an affidavit the court may assume that the facts alleged, and upon which the extraordinary writ is sought, are probably true. It is the character of the affidavit to be made rather than the number who shall subscribe to it, that is contemplated by the statute. *We think any one cognizant of the facts could make the affidavit.* So do we think that any one of several joint applicants could, on behalf of the others, make the affidavit. Such a conclusion is, in our opinion, more in consonance with the purpose of the affidavit and the practical and convenient presentation of such applications. (emphasis added)

190 S.W. 216, 219–20. *See also Hood v. State,* 90 S.W.2d 1101, 1102 (Tex.Civ.App. —Amarillo 1936, writ dism'd). We hold, therefore, that even if the appellees had not waived any complaint as to verification, the appellants' amendment including Rafael Gomez as a party and his subsequent verification authorized by the trial judge's discretion operated to cure any defect in the original verification. The trial court therefore, abused its discretion in not allowing appellants to present their evidence at the hearing on appellees' motion to dissolve the injunction.

██ The order dissolving the writ of injunction is set aside and the court is ordered to set this case for trial on the merits immediately.[1]

---

1. TEX.R.CIV.P. 683 provides that "... Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial." This case was set for trial on the November 1988 docket. The parties requested a continuance so that the case would be set for trial no sooner than January 1989. The parties admitted in oral argument that the case was set for trial prior to submission to this Court and that the case was continued pending the disposition of this appeal. This is clearly in contravention of Rule 683, and the further delay of a trial on the merits will not be allowed.