**In the GUARDIANSHIP OF George Andrew BERRY, an incapacitated person.**

**No. 09–02–291 CV.**

Court of Appeals of Texas, Beaumont.

Submitted March 11, 2003.

Delivered May 8, 2003.

Ronald J. Schaeffer, Lufkin, for appellants.

Ed Mullikin, Lone Star Legal Aid, Nacogdoches, for appellee.

1. The appellants' docketing statement, filed July 10, 2002, includes the following statements: "No reporter's record was requested

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Jerry Young and Walter H. Hundley appeal an Order Appointing Permanent Guardian of the Person and Estate of George Andrew Berry, an incapacitated person. The jury found that Berry was incapacitated on November 3, 2000 when he signed a declaration of guardian, found that both Young and Hundley were disqualified to serve as guardian, and failed to find that Ethel Wheat was disqualified to serve as Berry's guardian. The trial court disregarded that part of the verdict regarding Young and Hundley, and entered judgment appointing Wheat as Berry's permanent guardian. Four points of error are raised in the appellants' brief. The appeal is submitted on the clerk's record alone because the appellants did not request the preparation of a reporter's record and none has been filed.[1]

Point of error one contends that the trial court erred in its order appointing John Ross Kay as the temporary guardian of George Andrew Berry before first considering whether Jerry Young should be appointed. The appointment of the temporary guardian is moot now that the temporary guardian has been replaced with a permanent guardian. *See Douglas v. Proctor*, 559 S.W.2d 912, 913 (Tex.Civ. App.-Waco 1977, no writ)("Any defect in the prior temporary guardianship is not before us in this appeal."). Point of error one is overruled.

Point of error two urges the trial court erred in denying the appellants' plea in abatement. The trial court's February

or needed.", and "No Affidavit of Indigence was filed by any party."

26, 2001, order denying the plea in abatement recites that the trial court heard evidence and argument of counsel. Where no reporter's record is filed, we presume that the evidence adduced at the hearing supported the court's order. *See Interest of L.C.H.*, 80 S.W.3d 689, 691 (Tex.App.-Fort Worth 2002, no pet.) ("Where a reporter's record is not requested, the trial court's findings of fact are conclusive, and we presume that sufficient evidence was introduced to support the findings and the judgment based on them."); *In re Marriage of Spiegel*, 6 S.W.3d 643, 646 (Tex. App.-Amarillo 1999, no pet.)("Simply put, if the reporter's record is absent because the appellant did not satisfy [Texas Rule of Appellate Procedure] rule 35.3(b), we will not only continue to presume that the missing record supports the trial court's determination but also forego reviewing the dispute as authorized under appellate rule 37.3(c)."). Point of error two is overruled.

Point of error three argues that the trial court erred in authorizing expenditures to the temporary guardian in excess of the statutory maximum. Point of error four complains that the trial court erred in ordering that court-appointed fee expenditures be paid out of the ward's estate instead of by the County. The issues were raised in the appellants' amended motion for judgment and denied by the trial court on May 21, 2001. The motion refers to "the evidence during trial" and "the undisputed indigent status of George Berry." Absent a reporter's record of the trial, however, we must presume that the missing record supports the trial court's ruling. *Id.* Points of error three and four are overruled. The judgment is affirmed.

AFFIRMED.