In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-291 CV


____________________



In the Guardianship of George Andrew Berry, an incapacitated person







On Appeal from the County Court at Law No. 1


Angelina County, Texas


Trial Cause No. 34-00






OPINION


 Jerry Young and Walter H. Hundley appeal an Order Appointing Permanent
Guardian of the Person and Estate of George Andrew Berry, an incapacitated person. The
jury found that Berry was incapacitated on November 3, 2000 when he signed a declaration
of guardian, found that both Young and Hundley were disqualified to serve as guardian,
and failed to find that Ethel Wheat was disqualified to serve as Berry's guardian. The trial
court disregarded that part of the verdict regarding Young and Hundley, and entered
judgment appointing Wheat as Berry's permanent guardian. Four points of error are raised
in the appellants' brief. The appeal is submitted on the clerk's record alone because the
appellants did not request the preparation of a reporter's record and none has been filed. (1) 


 Point of error one contends that the trial court erred in its order appointing John
Ross Kay as the temporary guardian of George Andrew Berry before first considering
whether Jerry Young should be appointed. The appointment of the temporary guardian
is moot now that the temporary guardian has been replaced with a permanent guardian. 
See Douglas v. Proctor, 559 S.W.2d 912, 913 (Tex. Civ. App.--Waco 1977, no
writ)("Any defect in the prior temporary guardianship is not before us in this appeal."). 
Point of error one is overruled.

 Point of error two urges the trial court erred in denying the appellants' plea in
abatement. The trial court's February 26, 2001, order denying the plea in abatement
recites that the trial court heard evidence and argument of counsel. Where no reporter's
record is filed, we presume that the evidence adduced at the hearing supported the court's
order. See Interest of L.C.H., 80 S.W.3d 689, 691 (Tex. App.--Fort Worth 2002, no
pet.) ("Where a reporter's record is not requested, the trial court's findings of fact are
conclusive, and we presume that sufficient evidence was introduced to support the findings
and the judgment based on them."); In re Marriage of Spiegel, 6 S.W.3d 643, 646 (Tex.
App.--Amarillo 1999, no pet.)("Simply put, if the reporter's record is absent because the
appellant did not satisfy [Texas Rule of Appellate Procedure] rule 35.3(b), we will not only
continue to presume that the missing record supports the trial court's determination but
also forego reviewing the dispute as authorized under appellate rule 37.3(c)."). Point of
error two is overruled.

 Point of error three argues that the trial court erred in authorizing expenditures to
the temporary guardian in excess of the statutory maximum. Point of error four complains
that the trial court erred in ordering that court-appointed fee expenditures be paid out of
the ward's estate instead of by the County. The issues were raised in the appellants'
amended motion for judgment and denied by the trial court on May 21, 2001. The motion
refers to "the evidence during trial" and "the undisputed indigent status of George Berry." 
Absent a reporter's record of the trial, however, we must presume that the missing record
supports the trial court's ruling. Id. Points of error three and four are overruled. The
judgment is affirmed. 

 AFFIRMED.

 PER CURIAM


Submitted on March 11, 2003

Opinion Delivered May 8, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The appellants' docketing statement, filed July 10, 2002, includes the following
statements: "No reporter's record was requested or needed.", and "No Affidavit of
Indigence was filed by any party."