NO. 12-07-00118-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


IN THE GUARDIANSHIP OF
§
 APPEAL FROM THE


LUKE FORREST HUMPHREY,
§
 COUNTY COURT AT LAW #2


AN INCAPACITATED PERSON
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 This is an interlocutory appeal from orders entered in the guardianship of Luke Forrest
Humphrey, an incapacitated person. His mother, Susan McLendon, raises one issue regarding the
attorney ad litem's motion in limine, while his aunts, JoAnn Bowshot and Patricia Pondoff, raise
complaints concerning jurisdiction, the temporary guardianship, the attorney ad litem's fees, and
various trial court rulings. We reverse in part, affirm in part, and dismiss in part.


Background

 Luke Forrest Humphrey has been incapacitated since a January 27, 2005 automobile accident. 
In April 2005, his father, Landy Humphrey, was appointed temporary guardian and J. Scott Killough
was appointed attorney ad litem. Killough filed an application to convert the temporary guardianship
to a permanent guardianship, which McLendon opposed. McLendon sought to have herself
appointed permanent guardian. Additionally, in April 2006, Bowshot and Pondoff filed a motion
to remove Humphrey as the temporary guardian and appoint McLendon to be Luke's guardian. In
response to a motion filed by Killough, the trial court signed a temporary restraining order in May
2006 restraining McLendon from communicating with her son. That order was later converted to
a temporary injunction to be in effect throughout the pendency of the temporary guardianship.

 The struggle over control of Luke continued. On March 5, 2007, Killough filed a motion in
limine asserting that McLendon lacks standing in this proceeding because she has an interest that is
adverse to Luke and requesting the court strike her application for appointment as permanent
guardian. After a hearing, the trial court granted the motion and dismissed all of McLendon's
pleadings. At the same hearing, the trial court heard Killough's application for deposit of security
for costs. After hearing evidence and argument, the court ordered Humphrey to deposit $2,000.00
into the registry of the court and ordered Pondoff and Bowshot to deposit $14,000.00 each into the
registry of the court. Thereafter, Bowshot and Pondoff each filed an affidavit of inability to pay
asserting that they are disabled, unemployed, and draw government entitlement. On March 21, 2007,
McLendon, Pondoff, and Bowshot filed a notice of appeal from the order in limine and the order for
security for costs. On April 2, Pondoff and Bowshot moved to disqualify the judge because they
wanted a statutory probate judge assigned to the case. On April 20, the trial court signed orders
decreeing that McLendon is not indigent and denying Bowshot's and Pondoff's affidavits of inability
to pay. The motion to disqualify the judge was denied on April 23, 2007.


Jurisdiction

 In their issues one and one(a), Pondoff and Bowshot contend the guardianship proceeding
was not legally commenced and therefore the trial court never obtained jurisdiction over the matter. 
Specifically, they assert that Humphrey's application for appointment to be temporary guardian was
not verified as required by the probate code, making this an unlawful ex parte appointment by the
trial judge. In their issues three, three(a), and three(b), they contend that the trial court did not have
jurisdiction over Luke because the service and citation requirements of probate code section 633
were not met. 

 Humphrey filed his application to be appointed temporary guardian of Luke and his estate
on April 15, 2005. It was not sworn. On April 18, Killough was appointed attorney ad litem. On
April 26, the trial court signed an order appointing Humphrey temporary guardian until May 3, 2005. 
On May 3, Humphrey filed his verification of the previously filed application. The confirmation
hearing was set for May 3. The parties appeared and presented testimony on the issue of venue,
which McLendon had challenged. After determining that venue was proper in Smith County, the
court announced that due to a conflict, and by agreement of counsel, the hearing was recessed until
the following day. On May 4, the parties appeared and agreed to the order confirming the
appointment of Humphrey as temporary guardian. The order provides that the temporary
guardianship shall be effective from April 26, 2005 until the contest to the appointment of a
permanent guardian is resolved, or until the proposed ward is restored, or upon further order of the
court.

 The Texas Probate Code confers jurisdiction on county courts to appoint guardians for
incapacitated persons. See Tex. Prob. Code Ann. §§ 605 (Vernon 2003), 606 (Vernon Supp. 2008). 
The power of a court to appoint a guardian is a special power conferred by statute. In re Redding,
12-07-00098-CV, 2007 Tex. App. LEXIS 3329, at *4 (Tex. App.-Tyler Apr. 30, 2007) (orig.
proceeding). Compliance with the statute is a condition precedent to the valid exercise of that power
and is jurisdictional. Ortiz v. Gutierrez, 792 S.W.2d 118, 119 (Tex. App.-San Antonio 1989, writ
dism'd).

 The procedure for initiating a temporary guardianship is set out in Texas Probate Code
Section 875, which has been amended five times since it was added to the code in 1993. See Tex.
Prob. Code Ann. § 875 (Vernon Supp. 2008). The version in effect in the spring of 2005 provided
that "[a] sworn, written application for the appointment of a temporary guardian shall be filed before
the court appoints a temporary guardian." Act of May 30, 2003, 78th Leg., R.S., ch. 277, § 1, 2003
Tex. Gen. Laws 1209 (amended 2005) (current version at Tex. Prob. Code Ann. § 875(c) (Vernon
Supp. 2008)). On the filing of the application, the clerk must issue notice to the respondent and his
attorney. Tex. Prob. Code Ann. § 875(e). A hearing shall be held not later than the tenth day after
the date of the filing of the application unless the hearing date is postponed pursuant to Section
875(f)(2). Tex. Prob. Code Ann. § 875(f)(1).

 Luke's attorney, Killough, appeared at the April 26 hearing "to represent the proposed ward." 
Therefore, it was not an ex parte hearing. On May 3, Humphrey filed his verification swearing to
the truth of the application and, the following day, the trial court signed an order confirming his
appointment as temporary guardian. Amendments are allowed to supply a necessary verification of
a pleading. See Chapin & Chapin, Inc. v. Texas Sand & Gravel Co., 844 S.W.2d 664, 665 (Tex.
1992). By amending his application to include a verification, Humphrey cured the defect. See
Crystal Media, Inc. v. HCI Acquisition Corp., 773 S.W.2d 732, 734 (Tex. App.-San Antonio 1989,
no writ).

 Further, Bowshot and Pondoff complain that Section 633 notice and citation rules were not
met. Section 633 applies to permanent guardianships and is inapplicable here. Section 875 provides
notice and citation rules regarding appointment of temporary guardians. The trial court had subject
matter jurisdiction over this case and in personam jurisdiction over the ward. We overrule Bowshot
and Pondoff's issues one, one(a), three, three(a), and three(b). 


Notice of Appeal

 In their issues two and two(a), Bowshot and Pondoff complain of the April 18, 2005 order
appointing the attorney ad litem. In their issues five and five(a), they complain of the May 4, 2005
order confirming the appointment of the temporary guardian. In their eighth issue, they contend the
trial court abused its discretion when it dismissed their amended application for removal of the
temporary guardian by its order of March 13, 2007. In their issues eleven and eleven(a), they
complain of the trial court's April 23, 2007 order denying their motion for disqualification of the trial
judge.

 Assuming these four orders are appealable, Bowshot and Pondoff did not file notices of
appeal from these orders. Therefore, they have not perfected appeals from these four orders. See
Tex. R. App. P. 25.1. We dismiss Bowshot and Pondoff's issues two, two(a), five, five(a), eight,
eleven, and eleven(a).


Temporary Guardianship

 In their issues four, four(a), six, six(a), and seven, Bowshot and Pondoff complain of rule
violations regarding the appointment of the temporary guardian. The appointment of the temporary
guardian became moot when the permanent guardian was appointed on May 17, 2007. See In re
Berry, 105 S.W.3d 665, 666 (Tex. App.-Beaumont 2003, no pet.). We dismiss Bowshot and
Pondoff's issues four, four(a), six, six(a), and seven.



Motion in Limine

 In her sole issue, McLendon asserts the trial court denied her due process rights because the
notice she received two days before the hearing on the motion in limine was insufficient. In their
ninth issue, Bowshot and Pondoff complain of the trial court's ruling on the ad litem's motion in
limine. 

 McLendon attended the March 12 hearing, made objections to the evidence, cross examined
the witness presented by the ad litem, testified on her own behalf, presented her own witnesses, and
presented closing argument to the court regarding the motion in limine. By order of March 12, 2007,
the trial court granted that motion, dismissed all of McLendon's pleadings, and ordered that
McLendon is barred from filing an application for the appointment of a guardian or contesting any
application filed to appoint a guardian on behalf of the proposed ward. 

 The Texas Probate Code provides that a person who submits to the jurisdiction of the court
in a hearing is deemed to have waived notice of the hearing. Tex. Prob. Code Ann. § 635 (Vernon
2003). McLendon has waived this complaint by participating in the hearing. We overrule
McLendon's sole issue. 

 The order granting the motion in limine does not pertain to Bowshot or Pondoff. An
appealing party may not complain of errors that do not injuriously affect it or that merely affect the
rights of others. Torrington Co. v. Stutzman, 46 S.W.3d 829, 843 (Tex. 2000). Standing is a
necessary component of subject matter jurisdiction, which is essential to the authority of the court
to decide a dispute. Cook v. Exxon Corp., 145 S.W.3d 776, 780 (Tex. App.-Texarkana 2004, no
pet.). Because Bowshot and Pondoff lack standing as to the March 12, 2007 order granting the
motion in limine, we dismiss their ninth issue.


Security for Costs

 In their tenth issue, Bowshot and Pondoff contend the trial court abused its discretion by
hearing the ad litem's motion for security for costs before they were properly served with notice. 
They further argue that if the trial court had heard their motion to remove the temporary guardian
in June 2006, no fees would have accrued.

 On March 9, 2007, Killough filed his second amended application for deposit of security for
costs requesting the court order the parties to deposit a sum of not less than $30,000.00 to secure the
payment of costs. The certificate of service recites that a copy of the motion was sent to Pondoff and
Bowshot by certified mail, return receipt requested, on March 8, 2007.

 Bowshot and Pondoff attended the hearing, which began on March 12 and was completed
on March 13, expecting the court to address motions that had been on file for fifteen days or more
and did not expect to have to defend the motion for security for costs. At that hearing, they each
cross examined Killough after he gave testimony regarding his fees and the need for security for
costs and they argued to the court that the application should be denied based on the merits. Thus,
by participating in the hearing, Bowshot and Pondoff submitted to the jurisdiction of the court and
are therefore deemed to have waived notice of the hearing. See Tex. Prob. Code Ann. § 635. 

 Killough testified as to his current and projected fees and expenses. Bowshot and Pondoff
did not present evidence showing what amount, if any, he would be entitled to if their motion to
remove the temporary guardian had been ruled on in June 2006. The trial court did not abuse its
discretion by hearing the application for security of costs. We overrule Bowshot and Pondoff's tenth
issue.


Affidavit of Indigence

 In their issues twelve and twelve(a), Bowshot and Pondoff contend the trial court abused its
discretion by having a hearing on their affidavits of indigence and denying the affidavits in the
absence of a contest. We agree.

 On March 21, 2007, Bowshot filed an affidavit of inability to pay and Pondoff filed an
affidavit of indigence, both asserting that they receive a government entitlement. A hearing
regarding those affidavits was held on April 19. On April 20, the trial court signed orders "denying"
those affidavits. The orders do not contain the trial court's reasoning.

 The probate code authorizes an ad litem to request a court order requiring a person who files
opposition in relation to the guardianship matter to give security for the probable costs of the
proceeding. Tex. Prob. Code Ann. § 622 (Vernon 2003). (1) A party who is unable to provide
security for costs may proceed without giving security if she files an affidavit of inability to pay
costs. See Tex. R. Civ. P. 145. The ad litem may contest the affidavit by filing a written contest
giving notice to all parties. Tex. R. Civ. P. 145(d). If a contest is not filed, the uncontested affidavit
of inability to pay costs is conclusive as a matter of law. Equitable Gen. Ins. Co. v. Yates, 684
S.W.2d 669, 671 (Tex. 1984). The record does not reflect that Bowshot's and Pondoff's affidavits
of indigence were contested. Therefore, they showed as a matter of law that they could not be
required to pay the $14,000.00 each as deposit for security for costs. Accordingly, the trial court
erred in denying their affidavits. We sustain Bowshot and Pondoff's issues twelve and twelve(a). 


Constitutional Rights

 In their issues thirteen and thirteen(a), Bowshot and Pondoff contend the trial court never
established jurisdiction over Luke, thereby denying his constitutional rights. As explained above,
the trial court had jurisdiction over Luke. Therefore, his constitutional rights were not violated. 
They also contend they were denied due process and access to the courts when the trial court refused
to hear their pleadings. They do not specify which pleadings. To the extent they are referring to
McLendon's pleadings, which were dismissed when the trial court granted the motion in limine, they
do not have standing to raise that complaint. See Stutzman, 46 S.W.3d at 843. To the extent they
are referring to the trial court's dismissal of their amended application for removal of the temporary
guardian, that issue is moot. See In re Berry, 158 S.W.3d at 666. We overrule Bowshot and
Pondoff's issues thirteen and thirteen(a).


Conclusion

 We affirm the trial court's March 12, 2007 order granting the motion in limine.

 We reverse the April 20, 2007 orders denying Bowshot's affidavit of inability to pay and
Pondoff's affidavit of indigence. 

 For want of jurisdiction, we dismiss the issues complaining of the April 18, 2005 order
appointing the attorney ad litem, the April 26, 2005 order appointing the temporary guardian, the
May 4, 2005 order confirming the appointment of the temporary guardian, the March 13, 2007 order
dismissing the amended application for removal of the temporary guardian, and the April 23, 2007
order denying the motion to disqualify the trial judge. We dismiss Bowshot and Pondoff's issue
complaining of the motion in limine.

 All pending motions in this cause, 12-07-00118-CV, are overruled as moot.




 SAM GRIFFITH 

 Justice



Opinion delivered February 18, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.






















(PUBLISH)
1. Section 665A of the probate code provides that payment of a fee set by the court as compensation to
attorneys appointed in a guardianship is to be taxed as costs in the case. Tex. Prob. Code Ann. § 665A (Vernon
Supp. 2008). It further provides that if the proposed ward is unable to pay for the attorney's services, the county is
responsible for the cost of those services. Id. We need not address the apparent conflict between Section 622 and
Section 665A.