# NO. 12-07-00118-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE GUARDIANSHIP OF* | § | *APPEAL FROM THE* |
| *LUKE FORREST HUMPHREY,* | § | *COUNTY COURT AT LAW #2* |
| *AN INCAPACITATED PERSON* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

This is an interlocutory appeal from orders entered in the guardianship of Luke Forrest Humphrey, an incapacitated person. His mother, Susan McLendon, raises one issue regarding the attorney ad litem's motion in limine, while his aunts, JoAnn Bowshot and Patricia Pondoff, raise complaints concerning jurisdiction, the temporary guardianship, the attorney ad litem's fees, and various trial court rulings. We reverse in part, affirm in part, and dismiss in part.

### BACKGROUND

Luke Forrest Humphrey has been incapacitated since a January 27, 2005 automobile accident. In April 2005, his father, Landy Humphrey, was appointed temporary guardian and J. Scott Killough was appointed attorney ad litem. Killough filed an application to convert the temporary guardianship to a permanent guardianship, which McLendon opposed. McLendon sought to have herself appointed permanent guardian. Additionally, in April 2006, Bowshot and Pondoff filed a motion to remove Humphrey as the temporary guardian and appoint McLendon to be Luke's guardian. In response to a motion filed by Killough, the trial court signed a temporary restraining order in May 2006 restraining McLendon from communicating with her son. That order was later converted to

a temporary injunction to be in effect throughout the pendency of the temporary guardianship.

The struggle over control of Luke continued. On March 5, 2007, Killough filed a motion in limine asserting that McLendon lacks standing in this proceeding because she has an interest that is adverse to Luke and requesting the court strike her application for appointment as permanent guardian. After a hearing, the trial court granted the motion and dismissed all of McLendon's pleadings. At the same hearing, the trial court heard Killough's application for deposit of security for costs. After hearing evidence and argument, the court ordered Humphrey to deposit $2,000.00 into the registry of the court and ordered Pondoff and Bowshot to deposit $14,000.00 each into the registry of the court. Thereafter, Bowshot and Pondoff each filed an affidavit of inability to pay asserting that they are disabled, unemployed, and draw government entitlement. On March 21, 2007, McLendon, Pondoff, and Bowshot filed a notice of appeal from the order in limine and the order for security for costs. On April 2, Pondoff and Bowshot moved to disqualify the judge because they wanted a statutory probate judge assigned to the case. On April 20, the trial court signed orders decreeing that McLendon is not indigent and denying Bowshot's and Pondoff's affidavits of inability to pay. The motion to disqualify the judge was denied on April 23, 2007.

## JURISDICTION

In their issues one and one(a), Pondoff and Bowshot contend the guardianship proceeding was not legally commenced and therefore the trial court never obtained jurisdiction over the matter. Specifically, they assert that Humphrey's application for appointment to be temporary guardian was not verified as required by the probate code, making this an unlawful ex parte appointment by the trial judge. In their issues three, three(a), and three(b), they contend that the trial court did not have jurisdiction over Luke because the service and citation requirements of probate code section 633 were not met.

Humphrey filed his application to be appointed temporary guardian of Luke and his estate on April 15, 2005. It was not sworn. On April 18, Killough was appointed attorney ad litem. On April 26, the trial court signed an order appointing Humphrey temporary guardian until May 3, 2005. On May 3, Humphrey filed his verification of the previously filed application. The confirmation hearing was set for May 3. The parties appeared and presented testimony on the issue of venue,

2

which McLendon had challenged. After determining that venue was proper in Smith County, the court announced that due to a conflict, and by agreement of counsel, the hearing was recessed until the following day. On May 4, the parties appeared and agreed to the order confirming the appointment of Humphrey as temporary guardian. The order provides that the temporary guardianship shall be effective from April 26, 2005 until the contest to the appointment of a permanent guardian is resolved, or until the proposed ward is restored, or upon further order of the court.

The Texas Probate Code confers jurisdiction on county courts to appoint guardians for incapacitated persons. *See* TEX. PROB. CODE ANN. §§ 605 (Vernon 2003), 606 (Vernon Supp. 2008). The power of a court to appoint a guardian is a special power conferred by statute. ***In re Redding***, 12-07-00098-CV, 2007 Tex. App. LEXIS 3329, at *4 (Tex. App.–Tyler Apr. 30, 2007) (orig. proceeding). Compliance with the statute is a condition precedent to the valid exercise of that power and is jurisdictional. ***Ortiz v. Gutierrez***, 792 S.W.2d 118, 119 (Tex. App.–San Antonio 1989, writ dism'd).

The procedure for initiating a temporary guardianship is set out in Texas Probate Code Section 875, which has been amended five times since it was added to the code in 1993. *See* TEX. PROB. CODE ANN. § 875 (Vernon Supp. 2008). The version in effect in the spring of 2005 provided that "[a] sworn, written application for the appointment of a temporary guardian shall be filed before the court appoints a temporary guardian." Act of May 30, 2003, 78th Leg., R.S., ch. 277, § 1, 2003 Tex. Gen. Laws 1209 (amended 2005) (current version at TEX. PROB. CODE ANN. § 875(c) (Vernon Supp. 2008)). On the filing of the application, the clerk must issue notice to the respondent and his attorney. TEX. PROB. CODE ANN. § 875(e). A hearing shall be held not later than the tenth day after the date of the filing of the application unless the hearing date is postponed pursuant to Section 875(f)(2). TEX. PROB. CODE ANN. § 875(f)(1).

Luke's attorney, Killough, appeared at the April 26 hearing "to represent the proposed ward." Therefore, it was not an ex parte hearing. On May 3, Humphrey filed his verification swearing to the truth of the application and, the following day, the trial court signed an order confirming his appointment as temporary guardian. Amendments are allowed to supply a necessary verification of a pleading. *See **Chapin & Chapin, Inc. v. Texas Sand & Gravel Co.***, 844 S.W.2d 664, 665 (Tex.

3

1992).  By amending his application to include a verification, Humphrey cured the defect.  *See Crystal Media, Inc. v. HCI Acquisition Corp.*, 773 S.W.2d 732, 734 (Tex. App.–San Antonio 1989, no writ).

Further, Bowshot and Pondoff complain that Section 633 notice and citation rules were not met.  Section 633 applies to permanent guardianships and is inapplicable here.  Section 875 provides notice and citation rules regarding appointment of temporary guardians.  The trial court had subject matter jurisdiction over this case and in personam jurisdiction over the ward.  We overrule Bowshot and Pondoff's issues one, one(a), three, three(a), and three(b).

### NOTICE OF APPEAL

In their issues two and two(a), Bowshot and Pondoff complain of the April 18, 2005 order appointing the attorney ad litem.  In their issues five and five(a), they complain of the May 4, 2005 order confirming the appointment of the temporary guardian.  In their eighth issue, they contend the trial court abused its discretion when it dismissed their amended application for removal of the temporary guardian by its order of March 13, 2007.  In their issues eleven and eleven(a), they complain of the trial court's April 23, 2007 order denying their motion for disqualification of the trial judge.

Assuming these four orders are appealable, Bowshot and Pondoff did not file notices of appeal from these orders.  Therefore, they have not perfected appeals from these four orders.  *See* TEX. R. APP. P. 25.1.  We dismiss Bowshot and Pondoff's issues two, two(a), five, five(a), eight, eleven, and eleven(a).

### TEMPORARY GUARDIANSHIP

In their issues four, four(a), six, six(a), and seven, Bowshot and Pondoff complain of rule violations regarding the appointment of the temporary guardian.  The appointment of the temporary guardian became moot when the permanent guardian was appointed on May 17, 2007.  *See In re Berry*, 105 S.W.3d 665, 666 (Tex. App.–Beaumont 2003, no pet.).  We dismiss Bowshot and Pondoff's issues four, four(a), six, six(a), and seven.

4

## MOTION IN LIMINE

In her sole issue, McLendon asserts the trial court denied her due process rights because the notice she received two days before the hearing on the motion in limine was insufficient. In their ninth issue, Bowshot and Pondoff complain of the trial court's ruling on the ad litem's motion in limine.

McLendon attended the March 12 hearing, made objections to the evidence, cross examined the witness presented by the ad litem, testified on her own behalf, presented her own witnesses, and presented closing argument to the court regarding the motion in limine. By order of March 12, 2007, the trial court granted that motion, dismissed all of McLendon's pleadings, and ordered that McLendon is barred from filing an application for the appointment of a guardian or contesting any application filed to appoint a guardian on behalf of the proposed ward.

The Texas Probate Code provides that a person who submits to the jurisdiction of the court in a hearing is deemed to have waived notice of the hearing. TEX. PROB. CODE ANN. § 635 (Vernon 2003). McLendon has waived this complaint by participating in the hearing. We overrule McLendon's sole issue.

The order granting the motion in limine does not pertain to Bowshot or Pondoff. An appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). Standing is a necessary component of subject matter jurisdiction, which is essential to the authority of the court to decide a dispute. *Cook v. Exxon Corp.*, 145 S.W.3d 776, 780 (Tex. App.–Texarkana 2004, no pet.). Because Bowshot and Pondoff lack standing as to the March 12, 2007 order granting the motion in limine, we dismiss their ninth issue.

## SECURITY FOR COSTS

In their tenth issue, Bowshot and Pondoff contend the trial court abused its discretion by hearing the ad litem's motion for security for costs before they were properly served with notice. They further argue that if the trial court had heard their motion to remove the temporary guardian in June 2006, no fees would have accrued.

On March 9, 2007, Killough filed his second amended application for deposit of security for

costs requesting the court order the parties to deposit a sum of not less than $30,000.00 to secure the payment of costs. The certificate of service recites that a copy of the motion was sent to Pondoff and Bowshot by certified mail, return receipt requested, on March 8, 2007.

Bowshot and Pondoff attended the hearing, which began on March 12 and was completed on March 13, expecting the court to address motions that had been on file for fifteen days or more and did not expect to have to defend the motion for security for costs. At that hearing, they each cross examined Killough after he gave testimony regarding his fees and the need for security for costs and they argued to the court that the application should be denied based on the merits. Thus, by participating in the hearing, Bowshot and Pondoff submitted to the jurisdiction of the court and are therefore deemed to have waived notice of the hearing. *See* TEX. PROB. CODE ANN. § 635.

Killough testified as to his current and projected fees and expenses. Bowshot and Pondoff did not present evidence showing what amount, if any, he would be entitled to if their motion to remove the temporary guardian had been ruled on in June 2006. The trial court did not abuse its discretion by hearing the application for security of costs. We overrule Bowshot and Pondoff's tenth issue.

### AFFIDAVIT OF INDIGENCE

In their issues twelve and twelve(a), Bowshot and Pondoff contend the trial court abused its discretion by having a hearing on their affidavits of indigence and denying the affidavits in the absence of a contest. We agree.

On March 21, 2007, Bowshot filed an affidavit of inability to pay and Pondoff filed an affidavit of indigence, both asserting that they receive a government entitlement. A hearing regarding those affidavits was held on April 19. On April 20, the trial court signed orders "denying" those affidavits. The orders do not contain the trial court's reasoning.

The probate code authorizes an ad litem to request a court order requiring a person who files opposition in relation to the guardianship matter to give security for the probable costs of the proceeding. TEX. PROB. CODE ANN. § 622 (Vernon 2003).[1] A party who is unable to provide

---

[1] Section 665A of the probate code provides that payment of a fee set by the court as compensation to attorneys appointed in a guardianship is to be taxed as costs in the case. TEX. PROB. CODE ANN. § 665A (Vernon

security for costs may proceed without giving security if she files an affidavit of inability to pay costs. *See* TEX. R. CIV. P. 145. The ad litem may contest the affidavit by filing a written contest giving notice to all parties. TEX. R. CIV. P. 145(d). If a contest is not filed, the uncontested affidavit of inability to pay costs is conclusive as a matter of law. ***Equitable Gen. Ins. Co. v. Yates***, 684 S.W.2d 669, 671 (Tex. 1984). The record does not reflect that Bowshot's and Pondoff's affidavits of indigence were contested. Therefore, they showed as a matter of law that they could not be required to pay the $14,000.00 each as deposit for security for costs. Accordingly, the trial court erred in denying their affidavits. We sustain Bowshot and Pondoff's issues twelve and twelve(a).

## CONSTITUTIONAL RIGHTS

In their issues thirteen and thirteen(a), Bowshot and Pondoff contend the trial court never established jurisdiction over Luke, thereby denying his constitutional rights. As explained above, the trial court had jurisdiction over Luke. Therefore, his constitutional rights were not violated. They also contend they were denied due process and access to the courts when the trial court refused to hear their pleadings. They do not specify which pleadings. To the extent they are referring to McLendon's pleadings, which were dismissed when the trial court granted the motion in limine, they do not have standing to raise that complaint. *See **Stutzman***, 46 S.W.3d at 843. To the extent they are referring to the trial court's dismissal of their amended application for removal of the temporary guardian, that issue is moot. *See **In re Berry***, 158 S.W.3d at 666. We overrule Bowshot and Pondoff's issues thirteen and thirteen(a).

## CONCLUSION

We ***affirm*** the trial court's March 12, 2007 order granting the motion in limine.

We ***reverse*** the April 20, 2007 orders denying Bowshot's affidavit of inability to pay and Pondoff's affidavit of indigence.

For want of jurisdiction, we ***dismiss*** the issues complaining of the April 18, 2005 order

---

Supp. 2008). It further provides that if the proposed ward is unable to pay for the attorney's services, the county is responsible for the cost of those services. *Id*. We need not address the apparent conflict between Section 622 and Section 665A.

7

appointing the attorney ad litem, the April 26, 2005 order appointing the temporary guardian, the May 4, 2005 order confirming the appointment of the temporary guardian, the March 13, 2007 order dismissing the amended application for removal of the temporary guardian, and the April 23, 2007 order denying the motion to disqualify the trial judge.  We *dismiss* Bowshot and Pondoff's issue complaining of the motion in limine.

All pending motions in this cause, 12-07-00118-CV, are overruled as moot.


SAM GRIFFITH
Justice


Opinion delivered February 18, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)