Opinion filed July 21,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00176-CV

                                                    __________

 

                 IN THE
INTEREST OF B.D. AND W.D., CHILDREN       



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                               Trial
Court Cause No. CV 08-12-390

 



 

M
E M O R A N D U M   O P I N I O N

The
trial court terminated the parental rights of appellant, who is the father of
B.D. and W.D.  It also terminated the mother’s parental rights; however, she is
not a party to this appeal.  Appellant’s sole issue challenges the legal and
factual sufficiency of the evidence supporting the termination of his parental
rights.  We affirm.  

To
determine if evidence is legally sufficient in a parental termination case, we
review all of the evidence in the light most favorable to the finding and
determine whether a rational trier of fact could have formed a firm belief or
conviction that its finding was true.  In re J.P.B., 180 S.W.3d 570, 573
(Tex. 2005).  To determine if evidence is factually sufficient, we give due
deference to the finding and determine whether, on the entire record, a
factfinder could reasonably form a firm belief or conviction about the truth of
the allegations against the parent.  In re C.H., 89 S.W.3d 17, 25-26
(Tex. 2002).   

 The
trial court may order termination of the parent-child relationship if it finds
by clear and convincing evidence that the parent has committed one of the acts
listed in Section 161.001(1)(A)-(T) of the Texas Family Code and that
termination is in the best interest of the child.  Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2010).  In this
case, appellant’s rights were terminated upon findings that he knowingly placed
or knowingly allowed the children to remain in conditions and surroundings that
endangered the physical or emotional well-being of the children, that he
engaged in conduct that endangered the physical or emotional well-being of the
children, and that he failed to comply with the provisions of a court order
that specifically established the actions necessary for him to obtain the
return of the children.  See id. § 161.001(1)(D), (E), (O).  The trial
court also found that termination of the parent-child relationship was in the
children’s best interest.  See id. § 161.001(2).

We
are unable to review the evidence presented to the trial court because a
reporter’s record has not been filed in this appeal.  Without a reporter’s
record, we do not know what evidence was presented to the trial court.  See
In re Marriage of Spiegel, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999,
no pet.).  An appellant must properly request and pay for the record, make
arrangements to pay for the record, or be entitled to a free record before the
court reporter’s duty to prepare and file the reporter’s record arises.  See
Tex. R. App. P. 35.3(b)(3).  By
its order of August 2, 2010, the trial court denied appellant’s motion for a
free reporter’s record on appeal, finding that he had not filed an updated affidavit
of indigence.  On November 17, 2010, the clerk of this court wrote
appellant and requested that he either file a proper affidavit of indigence for
appeal or make arrangements to pay for the reporter’s record on or before
December 2, 2010, with proof of filing or payment sent to this court.  The
clerk’s letter of November 17, 2010, additionally informed appellant that
failure to provide the requested proof would result in the case being submitted
to this court on the clerk’s record alone.  On December 9, 2010, the clerk of
this court notified the parties that the requested proof had not been submitted
and that the case would be submitted on the clerk’s record alone. See Tex. R. App. P. 37.3(c).  In
the absence of a reporter’s record, there is a presumption that the evidence is
legally and factually sufficient to support the trial court’s decision.  Bryant
v. United Shortline Inc. Assurance Servs., 972 S.W.2d 26, 31 (Tex. 1998); In
re Guardianship of Berry, 105 S.W.3d 665, 667 (Tex. App.—Beaumont 2003, no
pet.); In re Marriage of Spiegel, 6 S.W.3d at 646.  Because we
lack a reporter’s record of the evidence that the trial court considered, we
must, in fact, presume that the trial court had sufficient evidence before it
to support its decision.  Accordingly, we overrule appellant’s sole issue.

The
judgment of the trial court is affirmed.  

 

 

                                                                                    PER
CURIAM

 

July 21, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]

 

 









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.