

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00230-CV

IN THE GUARDIANSHIP OF
DOLLIE MAE FULBRIGHT, AN
ALLEGED INCAPACITATED
PERSON

----------

### FROM PROBATE COURT NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 2014-GD00382-1

----------

## MEMORANDUM OPINION[1]

----------

In this appeal, Appellant Judy Kay Fulbright attempts to appeal the trial court's March 13, 2015 order appointing a temporary guardian and July 6, 2015 order appointing permanent guardians of the person and estate of Dollie Mae Fulbright. The notice of appeal from the July 6, 2015 order was due August 5,

---

[1]See Tex. R. App. P. 47.4.

2015.[2]  But Appellant did not file her notice of appeal until July 1, 2016, almost eleven months too late.

We notified Appellant that her complaint about the temporary guardianship appears moot;[3] we also notified her of our concern that we lack jurisdiction because of the untimely-filed notice of appeal.  We warned Appellant that this appeal could be dismissed for want of jurisdiction absent a response showing that we have jurisdiction.[4]  Appellant filed a response, but it does not demonstrate that this court has jurisdiction.

A complaint about a temporary guardianship becomes moot when a permanent guardian is appointed.[5]  Further, the time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or timely-filed motion for extension, we must dismiss the appeal.[6]  Because Appellant's complaint about the temporary guardianship is moot and the notice of appeal

---

[2]*See* Tex. R. App. P. 26.1.

[3]*See In re Guardianship of Berry*, 105 S.W.3d 665, 666 (Tex. App.—Beaumont 2003, no pet.) (stating appointment of temporary guardian becomes moot when permanent guardian appointed).

[4]*See* Tex. R. App. P. 42.3(a).

[5]*In re Guardianship of Phillips*, No. 01-14-01004-CV, 2016 WL 3391249, at *3 (Tex. App.—Houston [1st Dist.] June 16, 2016, no pet. h.) (mem. op.); *see Berry*, 105 S.W.3d at 666.

[6]*See* Tex. R. App. P. 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

was filed too late, we dismiss Appellant's pending motions and this appeal for want of jurisdiction.[7]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  August 18, 2016

---

[7]*See* Tex. R. App. P. 42.3(a), 43.2(f).