John W. OERTEL et al., Appellants,

v.

GULF STATES ABRASIVE MANU-
FACTURING, INC., Appellee.

No. 15327.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

June 6, 1968.

Steelman, Bray & Spradlin, Joe W. Steelman, Houston, for appellants.

Dan R. Wolfe, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from an order granting a temporary injunction in a trade secrets case. The judgment entered recites: " * * * and the Defendants fur-

ther duly objected because the Court refused to allow Defendants to present any evidence for trial purposes or for purposes of perfecting a bill of review."

Appellants have presented a point of error charging that the trial court "abused its discretion by not allowing" appellant "to introduce evidence in support of its defensive position."

The statement of facts reflects that the trial court did limit the time available for the trial of this matter, and that no witnesses were called to the stand by appellants although they cross-examined the witnesses produced by appellee. The statement of facts does not reflect that appellants had witnesses which they wished to question, nor does it contain any bill of exceptions showing the testimony which they desired to introduce.

 The appellants were not permitted to call witnesses at the trial of this case. This is established by the recitation in the judgment. That this is error is apparent from reading Rules 262 and 265 of the Texas Rules of Civil Procedure, prescribing the order of proceedings in trials. It has been held that Rule 681, T.R.C.P., requiring notice before a temporary injunction shall be issued, impliedly requires an opportunity to be heard. Anderson v. Hidalgo County Water Imp. Dist. No. 6, 251 S.W.2d 761 (San Antonio Tex.Civ. App.1952, ref., n. r. e.); Texas State Board of Medical Examiners v. McKinney, 315 S.W.2d 387 (Waco Tex.Civ.App. 1958).

In Sims v. Greene, 161 F.2d 87 (3rd Cir. 1947), the court said: " * * * Notice implies an opportunity to be heard. Hearing requires trial of an issue or issues of fact. Trial of an issue of fact necessitates opportunity to present evidence and not by only one side to the controversy."

We are impressed with the reasoning of Justice Norvell in his dissenting opinion to the decision in Garza v. Garza, 191 S.

W.2d 767 (San Antonio Tex.Civ.App. 1945). It was his position that a trial court was not authorized to render a judgment dismissing a case being tried before the plaintiff had rested, and that "it follows, although somewhat in the nature of an understatement, that such error (the premature rendering of a judgment) 'was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.'"

 The rules do not authorize the trial court to render a judgment against the defendant in an action before he has had an opportunity to present his defense and has rested his case. Since the judgment entered in this case certifies that the trial court refused to allow appellants to present any evidence at the trial and that appellants duly objected to this action, there is no necessity for a bill of exceptions and the judgment must be reversed.

Reversed and remanded.