**Billy Joe GIBSON, Appellant,**

v.

**Annie SHAVER, Appellee.**

**No. 412.**

Court of Civil Appeals of Texas.
Tyler.

Nov. 7, 1968.

Alfred H. Summers, Palestine, for appellant.

B. R. Reeves, Johnston & Johnston, Luther C. Johnston, Palestine, for appellee.

DUNAGAN, Chief Justice.

This is an appeal by the appellant (defendant in the court below) from an interlocutory order of the Third Judicial District Court of Anderson County, Texas, entered following an abbreviated hearing, enjoining appellant from ."going upon Plaintiff's lands and premises in any way" pending final hearing of this cause.

Plaintiff's-appellee's verified petition is in the nature of a suit for trespass to try title and praying for temporary injunction against appellant from going upon the lands and premises in question pending final hearing. Appellant timely filed his answer. Upon the hearing of the application, appellee appeared by her attorney of record and appellant appeared in person and by his attorney.

At the abbreviated hearing, appellee placed on the witness stand Mrs. Ione Littleton, a daughter of appellee. During the cross-examination of Mrs. Littleton, appellee's first and only witness, the court abruptly stopped the proceedings, ordered the witness to step down from the witness stand, and announced: "The purpose of the Temporary Injunction is to maintain the status quo pending final hearing. On the basis of the evidence present and before this Court, the Temporary Injunction sought in this case will be granted as prayed." Appellant excepted to the court's action and dictated into the record his motion wherein he complained of the court's action in not allowing him to complete his cross-examination of the witness or offer any testimony whatsoever in support of his pleadings and in defense of the appellant's rights and that the action of the court is contrary to the rules and practices of this state and denies him the right of a trial. He moved the court that the matter either proceed or, in the alternative, the application for temporary injunction be denied. The motion was overruled and the hearing adjourned. Appellant has duly and timely perfected his appeal.

The appellant has brought forward two points of error. The first point complains of the court's action in stopping the hearing during cross-examination by appellant of appellee's first witness and granting the temporary injunction without allowing cross-examination of the witness and the opportunity of appellant to introduce testimony and evidence. This appeal will be disposed of on appellant's first point.

The record reflects that appellant was not permitted to call witnesses or offer any evidence on the hearing on appellee's petition for a temporary injunction. That this is

error is apparent from reading Rules 262 and 265, Texas Rules of Civil Procedure, prescribing the order of proceedings in trials. It has been held that Rule 681, T.R.C.P., requiring notice before a temporary injunction shall be issued, impliedly requires an opportunity to be heard. Oertel v. Gulf States Abrasive Manufacturing, Inc., 429 S.W.2d 623 (Tex.Civ.App., Houston 1st Dist., 1968, n. w. h.); Anderson v. Hidalgo County Water Improvement Dist. Number Six, 251 S.W.2d 761 (Tex.Civ. App., San Antonio, 1952, writ ref., n. r. e.); Texas State Board of Medical Examiners v. McKinney, 315 S.W.2d 387 (Tex.Civ. App, Waco, 1958, n w. h.).

It has been said: "Notice implies an opportunity to be heard. Hearing requires trial of an issue or issues of fact. Trial of an issue of fact necessitates opportunity to present evidence and not by only one side to the controversy." Sims v. Greene, 161 F.2d 87 (3rd Cir., 1947).

We recognize the well established rule in this state that in the hearing upon an application for temporary injunction, the only question before the trial court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final hearing of the case on its merits. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953); Ford v. Aetna Insurance Company, 424 S.W.2d 612 (Tex. Sup., 1968). However, a determination of this question should be made only after all parties have had an opportunity to offer testimony or other evidence. Under our Rules of Civil Procedure, the trial court is not authorized to render a judgment against the defendant in an action before he has had an opportunity to present his defense and has rested his case. Oertel v. Gulf States Abrasive Manufacturing, Inc., supra. Since Gibson was not given the opportunity to present testimony or other evidence, the temporary injunction should be set aside.

For the reasons pointed out, the order granting the temporary injunction is here dissolved and the judgment of the trial court reversed and the cause remanded to the trial court.