CITY OF AUSTIN et al., Appellants

v.

TEXAS PUBLIC EMPLOYEES ASSOCI-ATION et al., Appellees.

No. 12,393.

Court of Civil Appeals of Texas, Austin.

Oct. 17, 1975.

Jack C. Eisenberg, Byrd, Davis, Eisenberg & Clark, Austin, for American Federation of State, County and Municipal Employees, AFL–CIO Local 1624.

Lloyd Doggett, Doggett & Jacks, Austin, for Communication Workers of America, AFL–CIO Local 12175.

Don R. Butler, City Atty., Donald L. Wolf, Asst. City Atty., Austin, for City of Austin.

Charles M. Babb, Stayton, Maloney, Hearne & Babb, Austin, for Texas Public Employees Ass'n.

Irwin R. Salmanson, Salmanson & Smith, Austin, for Bruce Petty.

PER CURIAM.

This is an appeal from an order of temporary injunction entered by the district court of Travis County upon application by appellees, Texas Public Employees Association and Bruce Petty, restraining appellants, among other things, from holding an election among employees of the City of Austin in connection with a payroll deduction program pursuant to Tex.Rev.Civ.Stat.Ann. art. 6252–3a. Appellants are the City of Austin, the Communications Workers of America, AFL–CIO, Local 12175, and American Federation of State, County and Municipal Employees, AFL–CIO, Local 1624. After the submission of the case, this Court entered an order setting aside the order of temporary injunction and remanding the cause to the district court for further proceedings.

Texas Rev.Civ.Stat.Ann. art. 6252–3a(a) provides as follows:

"(a) The governing body of any city of more than 10,000 inhabitants, according to the last preceding federal census, may authorize a program whereby any municipal employee employed in such city may authorize and consent in writing that deduction be made from his monthly salary or wage payment. Such written consent shall so designate and direct the city treasurer or comptroller to transfer such withheld funds to the appointed bona fide employee's association in payment of his membership dues."

On July 31, 1975, the City Council of the City of Austin passed the following resolution:

"1. That effective September 1, 1975, Section 5.18 of the Personnel Policies of the City of Austin be and the same are hereby amended to read as follows:

"5.18. Payroll Deductions.

Upon the execution by an employee of proper forms prescribed by the City Manager, regular deductions shall be made from any such employee's paycheck for savings or payments on loans to the Austin Municipal Federal Credit Union, for City taxes, for approved insurance premiums, for membership dues and fees of the Austin Association of Professional Firefighters Local 975, the Austin Police Association, and *the employees' union so designated by the established employees' election and Council action*, or for any other purpose approved by the City Manager. Provided, all costs of initiating the system for all of the above deductions for membership dues and fees paid to the named employee associations, plus all operational costs of same, shall be at the expense of the union or association. (Emphasis as appearing in Exhibit)

"2. Notwithstanding the above and foregoing provision, payroll deductions for the above named or described organizations shall not be effective until after the last pay period in August and until completion of necessary arrangements to pay for the cost of initiating the system for each of the above associations and for the cost of services.

"3. The City Attorney is hereby authorized and instructed to establish an election procedure for a vote among the City employees on which labor organization shall receive payroll deduction status as provided in Part 1 above. Such election shall be supervised through the City Attorney's Office."

About the middle of September, 1975, the City Council further resolved:

"That the City Manager and the City Attorney are hereby instructed to make all necessary arrangements for the conduct of an election among the regular City of Austin employees, with certain exceptions, to determine which labor organization, the Communications Workers of America or the American Federation of State, County and Municipal Employees, will receive payroll deduction privileges, for the purpose of paying membership dues of its members; such election to be held on October 17, 1975; and,

"BE IT FURTHER RESOLVED BY THE CITY COUNCIL OF THE CITY OF AUSTIN:

"That the City Manager or the Deputy City Manager be and is hereby authorized to execute on behalf of the City of Austin that certain payroll deduction election agreement further setting out the dates, terms and conditions of said election as this day exhibited to the Council."

On October 10, 1975, counsel for appellee Texas Public Employees Association filed a request to appear before the City Council during the evening of October 16, 1975 to request "authorization for dues deduction from salaries and wages of City employees who are members of TPEA and authorize such deductions." The action so requested by the City Council was, "approval of Resolution approving Texas Public Employees Association for dues checkoff or deduction status."

Pursuant to the resolutions of the Council the office of the City Attorney undertook to establish an election procedure for the City employees to vote upon which labor organization should receive the payroll deduction status. As the result of these efforts a document styled "Payroll Deduction Election Agreement" was signed for the City of Austin by the City Manager and the other appellants on October 6, 1975.

Thereafter, on October 13, 1975, appellee Bruce Petty filed his original petition praying that the appellants be enjoined from holding the October 17, 1975 election. On October 14, 1975, appellee Texas Public Employees Association filed its petition. Likewise, the Texas Public Employees Association sought to enjoin the election scheduled to be held on October 17, 1975. Appellees' lawsuits were consolidated by the court upon motion of appellant City of Austin.

In their petitions, appellees alleged, among other things, that the "Payroll Deduction Election Agreement" was contrary to Tex.Rev.Civ.Stat.Ann. art. 5154c in that the agreement (1) constituted collective bargaining with a labor organization respecting wages, hours, or conditions of employment; (2) constituted recognition of a labor organization as the bargaining agent for a group of public employees; (3) and constituted the recognition of employees' representatives who have publicly proclaimed the right to strike against government. Appellees alleged further that the "Payroll Deduction Election Agreement" and the procedures of the Council were also in violation of Tex.Rev.Civ.Stat.Ann. art. 6252–3a. Appellee Petty alleged also that the resolutions of the Council and the "Payroll Deduction Election Agreement" were, as to him, a violation of the 14th amendment to the Constitution of the United States.

At the hearing on the application for temporary injunction, appellees called as an adverse witness, Richard Tulk, the first assistant City Attorney. After direct examination and before the completion of appellants' cross-examination of Tulk, the district judge announced that he had "heard enough" testimony and was prepared to enter a temporary injunction in all of the respects prayed for in appellees' petitions.

The order entered by the district court enjoined appellants, among other things, from "continuing with the execution of carrying out of any part of the 'Payroll Deduction Election Agreement' . . ." and from "holding or attempting to hold the election of [sic] CITY employees as provided for in the 'Payroll Deduction Election Agreement'" to be held on October 17, 1975.

Appellants attack the judgment by six points of error. Point of error five claims that the district court abused its discretion in entering the temporary injunction without permitting appellants to complete examination of the first and only witness and to present any evidence in their defense. Because we sustain point of error five, we do not consider and we do not pass upon any of the remaining points of error.

As stated previously, the district court terminated the hearing before appellees rested, and, in fact, during the cross-examination of the first witness. At the time of the termination of the hearing, the appellees had a number of witness available to offer testimony, and appellants represented to the court that they wished to place into evidence testimony of several witnesses. Appellants' counsel excepted to the termination of the hearing and requested the district court to proceed with the hearing of the evidence.

Tex.R.Civ.P. 681 requires that no temporary injunction be issued without notice to the adverse party. The requirement of notice impliedly requires an adequate opportunity to be heard. *Gibson v. Shaver*, 434 S.W.2d 462 (Tex.Civ.App.1968, no writ), *Oertel v. Gulf States Abrasive Manufacturing, Inc.*, 429 S.W.2d 623 (Tex.Civ.App.1968, no writ), *Texas State Board of Medical Examiners v. McKinney*, 315 S.W.2d 387 (Tex. Civ.App.1958, no writ), *Anderson v. Hidalgo County Water Imp. Dist. No. 6*, 251 S.W.2d 761 (Tex.Civ.App.1952, writ ref'd n. r. e.). The trial court is not authorized to enter an order of temporary injunction against a party before that party has had an opportunity to present its defenses and has rested its case. *Gibson v. Shaver, supra.*

For the reasons stated, the order of the district court granting the temporary injunction is set aside, and the judgment is reversed. The cause is remanded to the district court.

Temporary injunction reversed and remanded.