**CITY OF HOUSTON, Texas, Appellants,**

v.

**HOUSTON LIGHTING & POWER COMPANY, Appellee.**

**No. 1331.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 5, 1975.

Rehearing Denied Dec. 10, 1975.

Jonathan Day, City Atty., Harriet E. Hubacker, John Meinrath, Asst. City Attys., Houston, for appellants.

William R. Brown, Baker & Botts, Houston, for appellee.

TUNKS, Chief Justice.

This is a temporary injunction case. The City of Houston (the City) appeals from an order of the trial court temporarily enjoining it from enforcing its ordinance fixing the maximum rates that the Houston Lighting and Power Company (H.L.&P.) can charge those of its customers who are located in the City of Houston.

In 1973 H.L.&P. petitioned the City for the passage of an ordinance increasing the rates which it could charge its customers. After a hearing the City passed such an ordinance on August 15th of that year. In February of 1975 H.L.&P. again petitioned for a rate increase. After an extended hearing the City declined to grant such a rate increase, but rather left the 1973 rate ordinance in effect. H.L.&P. filed suit against the City asking temporary and permanent injunctions against the further enforcement of the 1973 rate ordinance. The basis upon which H.L.&P. sought such relief is an allegation that the rates allowed by that ordinance are so low that its further

enforcement amounts to a confiscation of its property in that it does not allow it to make a fair return on the fair value of its property. The trial court granted the temporary injunction sought by H.L.&P., and the City appealed.

At the outset we feel obliged to discuss a matter not formally raised by the parties' briefs. In the trial court H.L.&P. filed a motion asking an adjudication that the Harris County district judges, who were its customers, were financially interested in the subject matter of this suit so that they were disqualified to act on it. Such motion was granted and such declaration was made. Arrangements were made for the assignment of an out-of-county judge to try the case. The City then moved, under Tex. Rev.Civ.Stat.Ann. art. 1824, for leave to file an original proceeding in this court seeking to mandamus the trial court to proceed to trial and judgment, before a Harris County district judge. We denied leave to file such proceeding for the reason that the record showed that a timely trial of the case had been arranged, and we had no jurisdiction to determine by original proceeding which judge should try the case. All the judges of this court are customers of H.L.&P. If the Harris County district judges were disqualified because of being customers of H.L.&P., so are the judges of this court. While this question has not formally been raised to this court, it is a fundamental question and presents itself. We have, therefore, considered the questions of the disqualification of the members of this court and have concluded that we are not disqualified. *See Hidalgo County Water Improvement Dist. No. 2 v. Blalock*, 157 Tex. 206, 301 S.W.2d 593 (1957).

The primary points presented by this appeal grew out of the fact that the trial judge rendered his order granting the prayer of H.L.&P., for temporary injunction at the conclusion of the plaintiff's evidence and denied the defendant City the right to put on any evidence, to cross examine one of the plaintiff's witnesses and to make a formal bill of exceptions. The facts rele-vant to this part of the procedure are as follows.

H.L.&P. called as its first witness Eugene W. Meyer, an expert in the field of corporate finance. He testified on direct examination that H.L.&P., in order to be able to finance the construction of needed expansions by the sale of bonds or shares of stock, needed a rate schedule that would produce a return on its common equity (that portion of its capital derived from its common shares plus its earned surplus) of 15.6%. He also testified that the present rate schedule, fixed by the 1973 ordinance, produced a return on H.L.&P.'s common equity of 9.75%. His direct examination fills 86 pages of the statement of facts. The day ended before the City's attorney completed his cross examination. Mr. Meyer's schedule would not permit him to return to court the next day, so it was agreed that he should return the following Friday so that the City could complete its cross examination. On Thursday, before the witness had returned to court so that the City could complete cross examination, the court sustained the motion of H.L.&P. for judgment and granted its prayer for temporary injunction.

The last witness called by H.L.&P. was Mr. Jonathan Day, the City Attorney for the City of Houston. Mr. Day admitted that while participating in the rate hearing before the City Council, he had, on behalf of himself and the head of the City's Department of Public Service, recommended that the City enact a rate ordinance that would allow H.L.&P. an increase of about 29 million dollars a year. Mr. Day had stated to the City Council:

> It is clear that based on the applicable statutes and judicial decisions of the State of Texas that the company is entitled to a rate increase in order to ensure its continued financial health and ability to serve the community. To grant no rate increase would be unlawful improper regulation and to the detriment of the

community as well as the company. The question before council, therefore, is not whether to grant an increase but how much of an increase to grant.

. . . . .

There is no testimony available nor in my opinion is there any testimony, any credible testimony available, which would recommend no increase of any kind. The company has, I think, demonstrated that they are in need of a rate increase, and I think it is important from the Council's prospective (sic) to understand that this is a matter of law, that the company is entitled to a fair rate of return. This is not a discretionary matter, and I think the evidence proved overwhelmingly that they are entitled to an increase.

Thereupon H.L.&P. rested. The City called its first witness, but before it began examination of him the City made an oral motion for judgment denying the injunction. H.L.&P. then moved for judgment granting the injunction. Before ruling on the motion the court recessed until the following morning.

The following morning the court announced the granting of H.L.&P.'s motion for judgment. The City Attorney asked if he would not be allowed to offer any evidence, and the court answered, "That's correct." The City Attorney told the court the testimony of the witnesses he would call "would bear directly on the question of whether the current rates are confiscatory." The court also denied the City the right to offer evidence on a bill of exception or to continue its cross examination of Mr. Meyer. The judgment itself recites that the defendants were "refused any opportunity to present evidence."

The statement made by the City Attorney before the City Council to the effect that the rates allowed H.L.&P. are too low was not binding upon the City. It was the City Council, not the City Attorney, that had the authority to decide the issue of the fairness of the rates allowed the utility. The City Council, in the exercise of its legislative authority, refused to follow the attorney's recommendation. Furthermore, the statement by the City Attorney did not amount to a judicial admission by the City which precluded the City from offering evidence that the currently authorized rates allowed the utility a reasonable return on the fair value of its property. II McCormick & Ray, Texas Law of Evidence § 1127.

■ Tex.R.Civ.P. 681 provides that "No temporary injunction shall be issued without notice to the adverse party." This implies that the adverse party has a right to be heard. The trial court's ruling here that the City could not offer evidence amounted to a denial of that right. *Turcotte v. Trevino*, 499 S.W.2d 705 (Tex.Civ.App.-Corpus Christi 1973, writ ref'd n. r. e.); *Gibson v. Shaver*, 434 S.W.2d 462 (Tex.Civ.App.-Tyler 1968, no writ); *Oertel v. Gulf States Abrasive Manufacturing, Inc.*, 429 S.W.2d 623 (Tex.Civ.App.-Houston [1st Dist.] 1968, no writ); *Texas State Board of Medical Examiners v. McKinney*, 315 S.W.2d 387 (Tex.Civ. App.-Waco 1958, no writ); *Anderson v. Hidalgo County Water Improvement Dist.*, 251 S.W.2d 761 (Tex.Civ.App.-San Antonio 1952, writ ref'd n. r. e.). We have not found, nor been cited, any supreme court case directly in point, but the import of the holding and language in *Millwrights Loc. Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683 (Tex.Sup.1968) are consistent with this holding.

For the error in refusing to allow the City to present evidence, the judgment of the trial court must be reversed, the temporary injunction dissolved, and the cause remanded to the trial court.

■ We do not mean to say that a trial court may not impose reasonable limitations upon a litigant's presentation of evidence in a temporary injunction hearing. But he may not, as done here, completely deprive a party of the right to offer any evidence.

■ Even though the evidence here presented by H.L.&P. would be sufficient to sustain an order granting a temporary in-

junction, such an order may not issue without allowing the City to present whatever competent evidence it may have that the present ordinance does allow H.L.&P. to make a reasonable return on the fair value of its property.

Reversed and remanded.