Patsy J. ELLIOTT, Appellant,

v.

David A. LEWIS and Dana Rae
Lewis, Appellees.

No. 05–89–01323–CV.

Court of Appeals of Texas,
Dallas.

July 6, 1990.

Lon Darley, Denton, for appellant.

Joe Putnam, Irving, for appellees.

Before WHITHAM, THOMAS and
OVARD, JJ.

## OPINION

THOMAS, Justice.

Patsy J. Elliott appeals from an adverse judgment granting a request for a temporary injunction and containing an order for specific performance in favor of David A. Lewis and Dana Rae Lewis. In eleven points of error, Elliott complains generally that: (a) the evidence is legally and factually insufficient to support the trial court's findings; (b) the trial court erred as a matter of law in entering the order; and (c) the trial court abused its discretion as to the type of relief which was ordered and in denying her an adequate hearing. Because we hold that the trial court erred in ordering relief which exceeded the scope requested in the application for temporary injunction and abused its discretion in terminating the hearing without allowing the parties to fully develop the evidence, we sustain points of error ten and eleven. Accordingly, the temporary injunction is vacated, and the cause is remanded to the trial court.

## FACTUAL BACKGROUND

Elliott, the owner of a home in Irving, Texas, entered into a written residential lease with David and Dana. The contract provided that David and Dana would pay rent at $600 per month for a term of twelve months beginning July 1, 1988. One week after the lease was executed, the parties signed a second document whereby Elliott agreed to sell the property to David and Dana under an option to purchase as of July 1, 1989, at the termination of the lease agreement. This latter agreement is the focus of this lawsuit. The option provided

for a contract price of $55,000, plus David and Dana were to assume the first lien note which was $4,955 at the time the agreement was signed. The document provided that David and Dana would apply to at least two lending institutions for loans, and if the loans were denied, Elliott would consider owner financing the sale or a part thereof.

In August 1989, David and Dana filed this lawsuit seeking specific enforcement of the option agreement and requesting that Elliott be restrained and enjoined from interfering with their possession of the home pending a final hearing on the merits. At the hearing on the application for a temporary injunction, the trial court heard the direct examination of David and some cross-examination. During this testimony, David explained his attempts to secure permanent and temporary financing in order to consummate this purchase. It was David's position, as demonstrated through his testimony, that he had fully complied with all of the terms of the agreement and that Elliott wrongfully prevented the sale from occurring. During the course of David's cross-examination, the trial judge stopped the proceedings and made certain rulings.

In accordance with the trial court's oral pronouncements, a written order entitled Temporary Injunction and Order For Specific Performance was entered which found in part that:

(1) David and Dana executed a sufficiently definite purchase option agreement which was enforceable;

(2) David and Dana properly exercised this option;

(3) Elliott failed to revoke the option prior to receiving additional consideration;

(4) Elliott failed to revoke the option prior to receiving notice of David and Dana's intent to exercise the option;

(4) Elliott wrongfully refused to cooperate in the sale of the property; and

(5) a special master was necessary to take such acts as reasonable and necessary to protect the parties.

Based upon those findings, the trial court ordered that: (a) David and Dana could stay in the home so long as they paid the sum of $600 per month; (b) Elliott was enjoined during the pendency of the case from interfering with David and Dana's possession of the property; and (c) Hexter–Fair Title Company and its attorneys were to draft such documents as necessary to obtain financing and to complete the terms of the sale of the property. Elliott is appealing this order.

## SCOPE OF THE TEMPORARY INJUNCTION

In the tenth point of error, Elliott contends that the trial court erred in ordering relief which exceeded the scope of relief requested in the application for temporary injunction. Elliott argues that the order determined the ultimate rights of the parties under this cause of action, and, thus, the trial court abused its discretion. We agree. In reviewing the decision of a trial court with regard to a request for temporary injunction, an appellate court may not substitute its judgment for that of the trial judge. Our review is strictly limited to determining whether there has been a clear abuse of discretion. *Home Sav. of Am., F.A. v. Van Cleave Dev. Co., Inc.,* 737 S.W.2d 58, 59 (Tex.App.—San Antonio 1987, no writ). The function of a temporary injunction is to hold the subject matter of the suit in status quo until a final determination of the merits of the suit. *Bertotti v. C.E. Shepherd Co., Inc.,* 752 S.W.2d 648, 651 (Tex.App.—Houston [14th Dist.] 1988, no writ). Also, it is not the purpose of a temporary injunction to transfer property from one person to another, but rather to preserve the original status of the property pending a final decision on the rights of the parties. *Getz v. Boston Sea Party of Houston, Inc.,* 573 S.W.2d 836, 837 (Tex. Civ.App.—Houston [1st Dist.] 1978, no writ). The only question before the trial court in a temporary injunction hearing is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending a trial on the merits. *Bethke v. Polyco, Inc.,* 730 S.W.2d 431, 434 (Tex.App.—Dallas 1987, no writ).

855

In this case, Elliott contends that the decree of specific performance exceeded the function of a temporary injunctive order and granted permanent relief. Elliott argues that the appointment of a special master with instructions to do whatever was necessary to obtain financing and complete the terms of the sale of the property in dispute results in the case being basically ended without an opportunity for a complete hearing on the merits. The only purpose of the temporary injunction was to detain Elliott from evicting David and Dana until possession and title could be determined at a later date. Accordingly, the trial court's temporary injunction should have been limited in its function and should only have addressed the requested injunction, rather than granting the exact relief sought by David and Dana upon final hearing. The effect of entering this order did more than preserve the status of the property. A temporary injunction is defective when it purports to grant the same relief being sought upon final hearing. *Getz*, 573 S.W.2d at 838. We hold that the trial court abused its discretion in entering an order which exceeded the proper function of the temporary injunction and sustain the tenth point.

## FAILURE TO ALLOW A COMPLETE HEARING

■ In point of error eleven, Elliott contends that the trial court erred in terminating the hearing on the application for temporary injunction and ordering relief without allowing the parties to fully develop the evidence. We agree, and hold that the trial court abused its discretion by refusing to allow complete cross-examination of the first and only witness and further by its refusal to allow Elliott to present any evidence in her defense.

Rule 681 of the Texas Rules of Civil Procedure provides that "no temporary injunction shall be issued without notice to the adverse party," thus implying that there will be an adequate opportunity to be heard. TEX.R.CIV.P. 681. The opportunity to be heard and present evidence must amount to more than the mere right to cross-examine the other party's witnesses.

*Reading & Bates Const. Co. v. O'Donnell*, 627 S.W.2d 239, 243 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). We are mindful that the trial court may impose reasonable limitations upon the parties' presentation of evidence in a temporary injunction hearing; however, a party may not be deprived of the right to offer any evidence. *City of Houston v. Houston Lighting & Power Co.*, 530 S.W.2d 866, 870 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). In other words, the court's limitation cannot be arbitrary in its nature, or it will be considered an abuse of discretion on the part of the trial judge. *City of Houston*, 530 S.W.2d at 870. Fundamental fairness dictates that a party must be given a reasonable opportunity to be heard on the merits of his case. *Ragsdale v. Progressive Voters League*, 743 S.W.2d 338, 345 (Tex.App.—Dallas 1987, no writ). In *City of Austin v. Texas Public Emp. Ass'n*, 528 S.W.2d 637, 640 (Tex.App.—Austin 1975, no writ), as in our case, the trial court terminated a temporary injunction hearing before the appellees rested, and, in fact, during the cross-examination of the first witness. The court held that a trial court is not authorized to enter a temporary injunction order against a party before that party has had an opportunity to present its defenses and has rested its case. *City of Austin*, 528 S.W.2d at 640; *see also Gibson v. Shaver*, 434 S.W.2d 462, 464 (Tex.Civ.App.—Tyler 1968, no writ). We therefore sustain the eleventh point of error. In view of our disposition of points ten and eleven, we need not address Elliott's remaining contentions. *See* Tex.R. App.P. 90(a).

The temporary injunction is vacated and the cause is remanded to the trial court.