Reversed and Remanded and Memorandum
Opinion filed May 3, 2011.

 

In The

Fourteenth
Court of Appeals



NO. 14-09-00923-CV



RRE VIP Borrower,
LLC and Collateral Services, Inc., Appellants 

v.

Leisure Life
Senior Apartment Housing, LTD., Appellee 



On Appeal from
the 55th District Court

Harris
County, Texas

Trial Court
Cause No. 2009-47300



 

MEMORANDUM
OPINION 

            Appellants
RRE VIP Borrower, LLC and Collateral Services, Inc. (collectively, RRE) bring
this interlocutory appeal of the trial court’s order granting appellee Leisure
Life Senior Apartment Housing, Ltd.’s (LLS) application for a temporary
injunction, prohibiting RRE from foreclosing on the property that is the
subject matter of this proceeding.[1] 
We reverse and remand.  

Background

            In
1997, LLS purchased and renovated the subject property—a 223-unit apartment
complex, which is mostly leased to senior citizens.  LLS financed the purchase
and renovation through a loan from Chase Bank.[2] 
RRE alleges that it purchased the loan on June 3, 2009, after LLS’s loan had
been sold or assigned to a series of lenders.  Collateral Services, Inc. is the
substitute trustee under the deed of trust and the entity designated to conduct
RRE’s scheduled foreclosures.  

            The
property sustained serious damage as a result of Hurricane Ike in September
2008.  Although LLS has made some repairs, approximately forty units remain in
a state of disrepair and are uninhabitable.[3] 
On June 3, 2009, the same day that RRE purchased LLS’s loan, RRE sent LLS a
letter notifying LLS that it was in default for failing to meet certain
insurance requirements.  On June 30, 2009, RRE sent LLS notice of certain
non-monetary defaults under the loan documents and notice of intent to
accelerate the note.  The asserted defaults include the failure to: (1) meet
the insurance requirements, (2) keep the property free and clear of liens, and
(3) prevent waste, impairment, or deterioration of the property.  RRE demanded
that LLS “promptly commence” repairs and cure the defaults by July 10, 2009.  

            On
July 10, 2009, RRE sent LLS notice of acceleration and notice of a substitute
trustee’s sale scheduled for August 4, 2009.  On July 27, 2009, LLS filed an
original petition, application for temporary restraining order, and application
for temporary injunction.  LLS alleged that RRE had anticipatorily breached the
note, deed of trust, and security agreement by falsely asserting invalid events
of default and wrongfully accelerating the note, and sought a judgment
declaring the rights and duties of RRE and LLS under the loan documents.  LLS
also sought an injunction preventing the scheduled August 4, 2009 foreclosure
of the property.  

            On
July 29, 2009, the trial court signed a temporary restraining order,
prohibiting RRE from foreclosing on the property in August 2009, and setting
the hearing on the temporary injunction for August 10, 2009.  On August 12,
2009, the trial court signed an agreed order extending the temporary
restraining order so that the parties could conduct reasonable discovery prior
to the hearing on the temporary injunction.  The August 12, 2009 order also
prohibited RRE from foreclosing on the property in August and September 2009,
but allowed RRE to post the property for an October 6, 2009 foreclosure. 

            On
August 21, 2009, LLS filed its first supplemental petition, alleging that RRE
is not the owner and holder of the note and, therefore, does not have standing
to declare the note in default, accelerate the note, or post the property for
foreclosure.  RRE explained that it financed the purchase of the LLS loan
through Värde Investment Partners, L.P and collaterally assigned its rights
under the loan documents to Värde.  According to RRE, on June 3, 2009, RRE
endorsed the note as collateral and delivered it to Värde, which became the
physical holder of the note, and Värde entered into an agreement acknowledging
that it intended to effect a collateral assignment of the note.  On September
1, 2009, Värde endorsed the note and, on September 2, 2009, delivered it to
RRE.  RRE asserts that this resolved any doubt as to RRE’s status as the holder
and owner of the note with the authority to enforce it.  On September 3, 2009,
RRE sent LLS a new notice of default, citing additional events of default, and
intent to accelerate.  On September 14, 2009, RRE sent LLS notice of
acceleration and notice of a substitute trustee’s sale scheduled for October 6,
2009.  

            The
trial court held the temporary injunction hearing over three separate days—the
afternoon of September 25, 2009, the afternoon of October 1, 2009, and all day
on October 2, 2009.  By the end of the day on October 2, LLS had called two
witnesses, and RRE had cross-examined the first witness but had not finished
cross-examining the second witness.  The trial court terminated the temporary
injunction hearing over RRE’s objection that it had not completed its
cross-examination of LLS’s second witness, had not cross-examined LLS’s expert
witness on valuation, and had not presented a defense, including its own two
experts on valuation.  The trial court further denied RRE’s request to make an
offer of proof.  The trial court admitted the expert reports into evidence
without any testimony and took the matter under advisement.  

            On
October 5, 2009, the trial court granted the temporary injunction and enjoined
RRE from foreclosing on the property over RRE’s renewed objection that it did
not have the opportunity to put on a defense or make an offer of proof.  RRE
brings this interlocutory appeal seeking to set aside the temporary
injunction.  

Analysis

Termination
of the Temporary Injunction Hearing

            In
its first issue, RRE contends that the trial court abused its discretion by
refusing to hear RRE’s case-in-chief.  “No temporary injunction shall be issued
without notice to the adverse party.”  Tex.
R. Civ. P. 681.  The notice requirements of Rule 681 impliedly require
that the adverse party have the right to be heard.  Elliott v. Lewis,
792 S.W.2d 853, 855 (Tex. App.—Dallas 1990, no writ); Reading & Bates
Constr. Co. v. O’Donnell, 627 S.W.2d 239, 243 (Tex. App.—Corpus Christi
1982, writ ref’d n.r.e.); City of Houston v. Houston Lighting & Power
Co., 530 S.W.2d 866, 869 (Tex. Civ. App.—Houston [14th Dist.] 1975, writ
ref’d n.r.e.); City of Austin v. Tex. Pub. Emps. Ass’n, 528 S.W.2d 637,
640 (Tex. Civ. App.—Austin 1975, no writ); Oertel v. Gulf States Abrasive
Mfg., 429 S.W.2d 623, 623 (Tex. Civ. App.—Houston [1st Dist.] 1968, writ). 
The opportunity to be heard and present evidence must amount to more than the
mere opportunity to cross-examine the other party’s witnesses.  Elliott,
792 S.W.2d at 855; Reading & Bates Constr. Co., 627 S.W.2d at 244.  

In
a temporary injunction hearing, the trial court is entitled to reasonably limit
the proceedings.  Elliott, 792 S.W.2d at 855; Reading & Bates
Constr. Co., 627 S.W.2d at 244; City of Houston, 530 S.W.2d at 869.  However,
the trial court may not deprive a party of its right to offer any evidence.  Elliott,
792 S.W.2d at 855; City of Houston, 530 S.W.2d at 869.  The trial court’s
limitation cannot be arbitrary in its nature or it will be considered an abuse
of discretion.  Elliott, 792 S.W.2d at 855 (holding that terminating a
temporary injunction hearing and entering a temporary injunction against a
party before the party has had an opportunity to present its defenses is an
abuse of discretion).  The trial court is simply not authorized to enter an
order of temporary injunction against a party before that party has had an
opportunity to present its defenses and has rested its case.  Kramer Trading
Corp. of Tex. v. Lyons, 740 S.W.2d 522, 524 (Tex. App.—Houston [1st Dist.]
1987, no writ); City of Austin, 528 S.W.2d at 640; Oertel, 429
S.W.2d at 624.  

            On
September 25, 2009, the first day of the hearing, LLS called David Zive, RRE’s
corporate representative, as its first witness.  LLS continued its questioning
of Zive on October 1 and 2.  On October 2, after RRE had questioned Zive, LLS
called Charles Miller, LLS’s corporate representative, as a witness and
questioned him.  RRE then cross-examined Miller until one of LLS’s attorneys
informed the trial court that they only had an hour left and “[w]e’ve got at
least one appraiser to put on.”  

When
it became clear there was insufficient time remaining on October 2, 2009, to
complete the testimony, the trial court admitted the expert reports and concluded
the hearing without further testimony. The trial court overruled RRE’s
objection that it should have the opportunity to cross-examine the expert
witness and its request to continue its cross-examination of Miller.  The trial
court further denied RRE’s request to make an offer of proof.  

            The
trial court then heard the parties’ closing arguments and took the matter under
advisement.  On October 5, 2009, the trial court announced that it was granting
the temporary injunction against RRE.  RRE again objected that it did not have
an opportunity to put on a defense or make an offer of proof.

            Thus,
the trial court terminated the temporary injunction hearing and granted LLS’s
application for a temporary injunction without allowing RRE the opportunity to
complete its cross-examination of Miller, cross-examine LLS’s valuation expert,
and present its defense case-in-chief, witnesses, and evidence.  This court,
along with several other courts of appeals, has found the granting of a
temporary injunction under similar circumstances to be an abuse of discretion.[4]  

            LLS
argues that “it [is] not an abuse of discretion to grant a temporary injunction
based upon stipulated facts and argument thereon together with summaries of
other expected evidence on both sides.”  Reading & Bates Constr. Co.,
627 S.W.2d at 244.  However, here there were no stipulated facts or any
summarizations of the parties’ expected evidence.  To the contrary, the subject
matter of the expert reports—the valuation of the collateral—was a hotly
disputed issue.  The trial court’s decision to admit expert reports into
evidence without affording RRE its requested opportunity to question the expert
witnesses does not fulfill RRE’s right to be heard in a temporary injunction
proceeding.  Cf. EMS USA, Inc. v. Shary, 309 S.W.3d 653, 660 (Tex.
App.—Houston [14th Dist.] 2010, no pet.) (holding that the trial court’s denial
of a temporary injunction without hearing testimony regarding the validity of a
non-compete covenant was an abuse of discretion).[5]  

            We
hold that the trial court abused its discretion by granting LLS’s application
for a temporary injunction without allowing RRE the opportunity to cross
examine LLS’s expert witness and present its own defense case-in-chief,
witnesses, and evidence.[6] 
Accordingly, we sustain RRE’s first issue.  

Substantive
Findings

            In
its second issue, RRE contends that the trial court abused its discretion by finding
that LLS’s failure to the repair hurricane damage to the property did not constitute
a default under the loan documents that would support foreclosure.  RRE
contends that addressing this additional substantive issue would provide
substantial guidance to both the parties and the trial court in the remand
proceedings, including the trial on the merits.  

            However,
in light of our disposition of RRE’s first issue and our determination that it
was error to issue a temporary injunction upon this incomplete evidentiary
record, it would be improper for this court to consider the incomplete record and
render an advisory ruling on the likelihood of success on the merits.  See Tex. R. App. P. 47.1.  Accordingly, we
overrule RRE’s second issue.

            Having
determined that the trial court abused its discretion by granting LLS’s
application for a temporary injunction, we vacate the temporary injunction,
reverse the trial court’s judgment, and remand the case to the trial court for
proceedings in accordance with this opinion.  

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

Panel consists of Justices Anderson, Seymore, and
McCally.

 

 









[1] See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West 2008) (providing
for the interlocutory appeal from the trial court’s grant or refusal of a
temporary injunction).  





[2] The purchase and renovation of the property was also
financed by another loan from the City of Houston.  RRE has the first lien, and
the City of Houston has the second lien.





[3] LLS asserts that repairs to the forty units remain
because (1) a dispute exists between LLS and its hazard insurance carrier as to
the cost to repair the property, (2) RRE refuses to allow insurance proceeds tendered
to LLS by its insurance carrier to be used to repair the storm damage, (3)
RRE’s demands regarding insurance coverage and mechanic’s liens have diverted
time and resources from the repair of the property, and (4) RRE and LLS cannot
agree on a plan for the completion of the repairs to the property.





[4] See, e.g., Elliott, 792
S.W.2d at 855 (holding that the trial court abused its discretion by granting a
temporary injunction where the trial court terminated the hearing while the
appellant was cross-examining the appellees’ first witness—before the appellees
had rested and the appellant had presented her defense); Kramer Trading
Corp. of Tex., 740 S.W.2d at 523 (holding that the trial court abused its
discretion by granting a temporary injunction where the trial court terminated
the hearing before the appellee had rested his case and the appellant had
presented its defense); City of Houston, 530 S.W.2d at 869 (holding that
the trial court abused its discretion by granting a temporary injunction
without allowing the City to offer any evidence and denying the City the right
to offer evidence on a bill of exception); City of Austin, 528 S.W.2d at
640 (setting aside the order granting a temporary injunction where the trial
court terminated the hearing during the appellant’s cross-examination of the
first witness without allowing the appellant to present any evidence of its
defense); Oertel, 429 S.W.2d at 623 (reversing the judgment on temporary
injunction where the trial court did not permit the appellants to call
witnesses and present their defense, although they were permitted to
cross-examined the appellee’s witnesses); see also Great Lakes Eng’g, Inc.
v. Andersen, 627 S.W.2d 436, 437 (Tex. App.—Houston [1st Dist.] 1981, no
writ) (holding that the trial court’s denial of a temporary injunction was an
abuse of discretion where it did not allow the appellant to fully develop his
evidence and the trial court terminated the hearing prior to the appellant
resting or the appellee presenting his defense). 





[5] LLS further asserts that it was not necessary to
allow RRE to present its case, witnesses, or evidence because RRE’s counsel was
able to cover in his closing argument the proffer and lines of examination he
wished to make regarding the property’s condition and value.  However, argument
of counsel is not evidence.  Love v. Moreland, 280 S.W.3d 334, 336 n.3
(Tex. App.—Amarillo 2008, no pet.); Potter v. GMP, L.L.C., 141 S.W.3d
698, 704 (Tex. App.—San Antonio 2004, pet. dism’d); Pues v. Veterans of
Foreign Wars Post 8246, No. 14-08-00333-CV, 2009 WL 2620564, at *8 (Tex.
App.—Houston [14th Dist.] Aug. 27, 2009, no pet.) (mem. op.).  





[6] RRE also asserts in its first issue that, as another
independent ground for remanding the case to the trial court, the trial court
abused its discretion by refusing to allow it to make an offer of proof.  In
light of our ruling on the trial court’s abuse of discretion in not allowing
RRE to present its case, we need not address this argument.  Under these
circumstances, it is not necessary for the record to reflect what RRE’s
evidence may have been.  See Great Lakes Eng’g, Inc., 627 S.W.2d at 437
(holding that, because neither party was permitted to make a bill of exceptions
to show what their additional evidence would have been, it was not necessary
that the record reflect what the evidence might have been from the appellant’s
witnesses who were not permitted to testify in the temporary injunction
hearing); Oertel, 429 S.W.2d at 624 (“Since the judgment entered in this
case certifies that the trial court refused to allow appellants to present any
evidence at the [temporary injunction hearing] and that appellants duly
objected to this action, there is no necessity for a bill of exceptions and the
judgment must be reversed.”).