

**NUMBER 13-17-00527-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JOHN WARDELL AND LOIS WARDELL,**           **Appellants,**

**v.**

**HENRY GEARHART, JYLAINE GEARHART,**
**AND ORION GEARHART,**           **Appellees.**

---

**On appeal from the 206th District Court**
**of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Contreras**

This is an appeal of a summary judgment granting injunctive relief in an easement dispute. Appellants John and Lois Wardell contend that (1) the trial court's order did not comply with the rules of civil procedure, and (2) the trial court "did not consider or hear all

of the evidence" at the hearing on the summary judgment motion filed by appellees, Henry Gearhart, Jylaine Gearhart, and Orion Gearhart. We affirm.

## I. BACKGROUND

The Gearharts and the Wardells are owners of adjoining properties in Edinburg, Texas. A portion of the Wardells' land is burdened by an express easement granted to the Gearharts to allow them access to their land. The Gearharts filed suit in 2013 alleging that, in 2009, the Wardells built a brick fence or wall blocking the easement.[1] The Gearharts' live petition requested a mandatory injunction compelling the Wardells to remove the fence, as well as damages and attorney's fees. The Wardells answered the suit and alleged several affirmative defenses, including abandonment, impossibility, adverse possession, and limitations.

Both sides moved for summary judgment. The Wardells contended in their motion, filed on May 21, 2014, that they were entitled to judgment as a matter of law based on their defenses of abandonment, impossibility, and adverse possession.[2] In their motion, filed in June of 2014, the Gearharts argued that the Wardells "lack evidence as to one or more essential elements of causes of action." The Gearharts' motion also argued that their "request for a mandatory injunction should be granted as prayed as [the Wardells'] conveyance document, and their chain of title of predecessors in interest, acquired subject to the express Easement [sic]." On August 4, 2014, the trial court signed an order

---

[1] Between 2009 and 2013, the Gearharts were able to access their land via another route.

[2] The record in the instant appeal does not contain the Wardells' motions for summary judgment. However, the motions do appear in the record of the previous appeal arising out of this cause. *See Gearhart v. Wardell*, 13-15-00096-CV, 2016 WL 7011402, at *1 (Tex. App.—Corpus Christi Dec. 1, 2016, no pet.). We take judicial notice of that record. *See* TEX. R. EVID. 201; *Estate of York*, 934 S.W.2d 848, 851 (Tex. App.—Corpus Christi 1996, writ denied) (holding that an appellate court may take judicial notice of its own records in a case involving the same subject matter between the same parties).

denying both motions.

The Wardells then filed a second motion for summary judgment on August 19, 2014, contending that they are entitled to judgment as a matter of law on the issue of limitations. The trial court granted this motion and dismissed the suit, and the Gearharts appealed. We held that the trial court properly dismissed the Gearharts' claims for damages under the two-year statute of limitations, but that dismissal was improper as to the Gearharts' claims for injunctive relief, to which the ten-year statute of limitations applied. *Gearhart v. Wardell*, No. 13-15-00096-CV, 2016 WL 7011402, at *1 (Tex. App.—Corpus Christi Dec. 1, 2016, no pet.) (mem. op.).

On remand, following the issuance of our mandate in February of 2017, the Gearharts filed a motion to reconsider their 2014 summary judgment motion in light of our decision in the first appeal. The Wardells filed a response to the motion, and the Gearharts filed a reply to the response. On June 19, 2017, the trial court granted the Gearharts' motion for reconsideration and their motion for summary judgment. The final judgment, signed by the trial court on July 27, 2017, declares that the Wardells' "claims" of abandonment and adverse possession are "denied" and that the easement at issue is "an operative easement in accordance with the Texas Civil Practice and Remedies Code § 37, and is in full force and effect." The judgment also contains the legal description of the easement and states that the Wardells

> have no right to impede the Easement, and are required to remove any and all impediments, which include but may not be limited to fences, concrete structures, driveway(s), trees, bushes and all other structures or any structures in, or impeding or frustrating the Easement, by no later than July 31, 2017.

The judgment additionally awards attorney's fees of $9,750 to the Gearharts. This appeal followed.

3

## II. Discussion

We review summary judgments de novo. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013). In doing so, we view the evidence "in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

On appeal, the Wardells do not dispute the merits of the trial court's judgment. Instead, their appellate issues involve alleged technical and procedural deficiencies. First, they contend that the judgment is void because it failed to meet the requirements of rules 683 and 684 of the Texas Rules of Civil Procedure. In particular, the Wardells complain that the judgment failed to: (1) "state [the] reasons for its issuance"; (2) "describe with particularities the irreparable nature of the harm to be prevented"; (3) "contain in detail the act to be done without reference to pleadings or other documents"; (4) "contain a date for trial setting"; and (5) set a bond amount.

Rule 683 states in its entirety as follows:

Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial.

4

TEX. R. CIV. P. 683.  Rule 684 states in relevant part that "[i]n the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant."  TEX. R. CIV. P. 684.

The requirements that an order granting injunctive relief contain a trial date and set a bond amount are applicable only to temporary injunctions.  *See* TEX. R. CIV. P. 683, 684.  And to the extent an injunction order must "describe with particularities the irreparable nature of the harm to be prevented," that requirement is also applicable only to temporary orders.  *See State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971) (noting that, under Rule 683, a temporary injunction must "give the reasons why injury will be suffered if the interlocutory relief is not ordered").

The judgment on appeal is a summary judgment granting a permanent mandatory injunction.  Therefore, its failure to set a trial date, set a bond amount, or to "describe with particularities the irreparable nature of the harm to be prevented" do not render it improper or void.  Moreover, we conclude that the reasons for the judgment's issuance and the acts required of the Wardells are described independently and with sufficient particularity in the judgment as set forth above.  *See* TEX. R. CIV. P. 683.  The Wardells' first issue is overruled.

By their second issue, the Wardells contend that the trial court erred in granting summary judgment without first considering the deposition testimony of Horatio Gonzalez, the Wardells' predecessor-in-interest.  The record reflects that the Gearharts objected to the taking of Gonzalez's deposition, but the trial court ordered on May 25, 2017 that it be taken, and it was taken by the Wardells' counsel later that day.  According to the Wardells,

however, Gonzalez's testimony was not transcribed and filed until June 21, 2017, which was two days after the trial court granted the Gearharts' motion.[3]

As authority in support of their second issue, the Wardells cite only a pair of cases generally providing that parties have the right to be heard before judgment is rendered against them. *See City of Houston v. Houston Lighting & Power Co.*, 530 S.W.2d 866, 869 (Tex. Civ. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.) (reversing temporary injunction order where judgment itself recited that defendants were "refused any opportunity to present evidence"); *Oertel v. Gulf States Abrasive Mfg. Inc.*, 429 S.W.2d 623, 624 (Tex. Civ. App.—Houston [1st Dist.] 1968, no writ) (reversing judgment where "trial court refused to allow appellants to present any evidence at the trial and that appellants duly objected to this action"). The Wardells do not cite any authority, and we find none, establishing that a trial court necessarily errs by ruling on a summary judgment motion without considering testimony from a deposition that it ordered.

Here, it is undisputed that the Wardells were duly notified of the submission of the Gearharts' motion for summary judgment and had the opportunity to present evidence in response thereto. The Wardells did not seek the court's permission to present evidence after the deadline provided by rule, nor did they move for continuance. *See* TEX. R. CIV. P. 166(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."); *see also* TEX. R. CIV. P. 270 ("When it clearly appears to be necessary to the due administration of justice, the court may permit additional evidence to be offered at any

---

[3] On appeal, the Wardells direct us to a copy of Gonzalez's deposition transcript in the record, but they do not explain whether or how his testimony was relevant to the Gearharts' claims.

time; provided that in a jury case no evidence on a controversial matter shall be received after the verdict of the jury.").[4]  Under these circumstances, we cannot say that the trial court erred by ruling prior to the filing of Gonzalez's deposition transcript.  We overrule the Wardells' second issue.

### III. Conclusion

The trial court's judgment is affirmed.

DORI CONTRERAS
Justice

Delivered and filed the
16th day of August, 2018.

---

[4] The Wardells did file a motion for new trial arguing that the ruling was "against the great weight and preponderance of the evidence and is manifestly unjust" and mentioning, in part, that the trial court "could not consider [Gonzalez]'s testimony because counsel did not receive the transcri[pt] until June 21, 2017."  The motion did not explain the content or relevance of Gonzalez's testimony.  In their brief on appeal, the Wardells cite their new trial motion but do not explicitly contend that the trial court erred in denying it.

7